■ EURYCLEIA PARTNERS, LP, et al., Respondents, v SEWARD & KISSEL, LLP, Appellant, et al., Defendants. EURYCLEIA PARTNERS, LP, et al., Respondents, v AMERICAN EXPRESS TAX & BUSINESS SERVICES, INC., Now Known as RSM McGLADREY, Appellant, et al., Defendants. [849 NYS2d 510]—

Orders, Supreme Court, New York County (Charles E. Ramos, J.), entered May 30, 2007 and August 16, 2006, which, in these consolidated appeals, denied defendants-appellants' motions to

dismiss the complaints, unanimously reversed, on the law, with costs, the motions granted, and the complaints dismissed as against them. The Clerk is directed to enter judgment accordingly.

In this action arising out of a hedge fund fraud, plaintiffs seek to recover from the fund's outside professionals, including defendants-appellants Seward & Kissel, LLP (S & K), its legal counsel, and American Express Tax and Business Services, Inc., now known as RSM McGladrey (TBS), its designated auditor, alleging fraud and conspiracy to commit fraud, fraudulent misrepresentation and conspiracy to commit fraudulent misrepresentation, breach of fiduciary duty, negligent misrepresentation, and recklessness and gross negligence against both, and aiding and abetting fraudulent inducement, fraudulent misrepresentation and breach of fiduciary duty against S & K only.

Affording the pleadings a liberal construction, accepting the allegations of the complaints as true and according plaintiffs the benefit of every possible favorable inference (*EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]), we conclude that plaintiffs have not pleaded any valid causes of action against either S & K or TBS.

Plaintiffs allege that S & K and TBS knowingly made numerous material misrepresentations of fact and omitted numerous other material facts, of which they had superior knowledge, to induce plaintiffs to invest in or remain invested in the fund, and that plaintiffs justifiably relied upon such misrepresentations and omissions. They allege that S & K prepared the fund's offering memorandum, listed itself therein as counsel, and invited prospective investors to rely upon its legal opinions, and that therefore S & K is liable for the statements contained in the memorandum concerning the fund's investment strategy, which allegedly were false at the time that they were made.

However, plaintiffs do not allege that S & K made any representation, fraudulent or otherwise, to them (*see National Westminster Bank v Weksel*, 124 AD2d 144, 147 [1987], *lv denied* 70 NY2d 604 [1987]). As disclosed in the offering memorandum, S & K's legal advice to the fund was solely related to the fund's formation and to tax law, and plaintiffs do not challenge either the propriety of the fund's formation or the tax advice. They complain solely about the representations made by the fund— not by S & K—about its investment plans, its auditor, and the financial documents it intended to provide to its investors.

Plaintiffs allege that S & K knew and failed to impart to them that the fund had amassed a significant position in a certain entity in violation of the offering memorandum, had failed to

make required filings with the Securities and Exchange Commission, and had not in fact retained TBS as its auditor. However, an omission does not constitute fraud unless there is a fiduciary relationship between the parties (*SNS Bank v Citibank*, 7 AD3d 352, 356 [2004]). As counsel to the fund, not to the investors, S & K's fiduciary responsibility was to the fund, not to plaintiffs (*see generally Briarpatch Ltd., L.P. v Frankfurt Garbus Klein & Selz, P.C.*, 13 AD3d 296, 297 [2004], *lv denied* 4 NY3d 707 [2005]).

Plaintiffs fail to allege any facts from which it could be inferred that S & K not only had actual knowledge of a breach of fiduciary duty by the fund but also rendered "substantial," rather than inadvertent, assistance to the fund (*see Global Mins. & Metals Corp. v Holme*, 35 AD3d 93, 101 [2006], *lv denied* 8 NY3d 804 [2007]).

Plaintiffs also fail to allege privity or a relationship "so close as to approach that of privity" between themselves and S & K so as to state a cause of action for negligent misrepresentation (*Ossining Union Free School Dist. v Anderson LaRocca Anderson*, 73 NY2d 417, 424 [1989]). In any event, as indicated, they do not allege any false representation made to them by S & K (*see Eiseman v State of New York*, 70 NY2d 175, 187 [1987]).

Plaintiffs' claim of recklessness and gross negligence amounts to a malpractice claim against S & K and fails to state a cause of action because S & K was not their counsel and therefore owed them no duty.

With respect to TBS, plaintiffs allege that the offering memorandum stated that TBS had been appointed as the fund's auditor and that, although TBS knew that this statement was false and that investors would rely on it, TBS took no steps to correct the misstatement or to require the fund to correct it. In other words, plaintiffs do not allege that TBS itself made a false representation of any material fact in the offering memorandum or that it played any role in the preparation of the memorandum or that it acted with any intent to defraud (*see Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421 [1996]). Furthermore, in the absence of a fiduciary relationship with plaintiffs, TBS was not required to correct a misstatement that it did not make (*see generally Blake v Ford Motor Co.*, 41 AD3d 150, 150-151 [2007]).

Plaintiffs further allege that in June and July of 2005 TBS falsely represented to certain plaintiffs, orally and in writing, that it was the fund's auditor and would be conducting an audit. However, these plaintiffs purchased their investments between December 1, 2004 and June 1, 2005, and therefore could not

have relied on such alleged misrepresentations in doing so (see P. Chimento Co. v Banco Popular de Puerto Rico, 208 AD2d 385, 386 [1994]). Nor could they have been induced by TBS's alleged misrepresentations to remain in the fund, because only a week after TBS's alleged oral communication, and before its alleged written communication, they gave notice of their intent to redeem their investments in the fund. Furthermore, there is no allegation in the complaint that any other plaintiffs were misled by TBS into believing that it would be auditing the fund's books and records.

Plaintiffs' remaining claims against TBS are equally defective for lack of privity or because of the absence of a fiduciary obligation on TBS's part to plaintiffs, or both. Concur—Lippman, P.J., Andrias, Williams and Gonzalez, JJ.