■ YUKO ITO, Individually and Derivatively on Behalf of KEYSTONE INTERNATIONAL, LLC, Appellant, v SAM SUZUKI et al., Respondents, et al., Defendants. [869 NYS2d 28]—

Plaintiff, who does not speak English, was induced to make an investment of $1 million to acquire a two-thirds interest in Keystone International, LLC and to sign an operation agreement that gave defendant Sam Suzuki permanent managing control of its affairs. Keystone took title to a property consisting of 41 condominium units owned by an entity controlled by Hiroyoshi Hasegawa. The transaction was in derogation of "a clear and unequivocal court order" enjoining transfer of the property due to the pendency of divorce proceedings (*Hasegawa v Hasegawa*, 281 AD2d 594, 595 [2001]). Plaintiff brought this action in November 2002, which defendants removed to federal court, requiring amendment of the complaint to conform to federal pleading requirements and, again, to reflect dismissal of RICO claims. Following remand by the District Court in late 2005, plaintiff filed her third amended complaint, and defendants brought this pre-answer motion to dismiss (CPLR 3211 [a] [1], [7]), which Supreme Court granted in relevant part. Plaintiff then interposed a motion to renew, which also sought amendment of the complaint to reflect a change in the law concerning standing to sue a limited liability company.

The complaint adequately pleads a cause of action for fraud, alleging that Sam Suzuki used plaintiff's funds to obtain property with a cloud on its title (because of the injunction against transfer and the filing of a lis pendens), for an inflated price and under financing terms onerous to plaintiff. It further asserts that Suzuki diverted funds from Keystone to satisfy personal obligations, which included payment of a $1.7 million settlement of a fraudulent conveyance claim brought by Hiroyoshi Hasegawa's wife.

The third amended complaint asserts claims of fraud and conspiracy to defraud (third and fourth causes of action) against defendants Daniel Roshco and his firm, Markowitz & Roshco, and Stuart I. Rich, and his firm, Kudman Trachten, LLP (collectively, the attorney defendants). Rich and his firm are charged with legal malpractice and breach of fiduciary duty (fifth, sixth and seventh causes of action) and, in the proposed fourth

amended complaint, with aiding and abetting breach of fiduciary duty.

It is apparent that plaintiff was not individually represented by counsel with respect to either the formation of Keystone or the transfer of the subject property. Defendant Daniel Roshco represented plaintiff in the sale of her New York condominium apartment to secure funding for her investment in Keystone, obtaining her unlimited power of attorney to permit sale of the premises in her absence.

Both plaintiff and her brother were present when the purchase of the Hasegawa property closed in September 2000. Although Roshco was not in attendance, he was paid $8,500 out of Keystone funds for work previously performed for the LLC. It was defendant Rich, Suzuki's attorney, who actually provided representation for Keystone at the closing. The complaint alleges that Rich released escrow funds to Suzuki before the closing was even scheduled whereby, plaintiff asserts, she "lost all leverage to withdraw from the purchase agreement."

The complaint alleges that Suzuki, represented by Rich, defrauded plaintiff, who maintains that she was represented by Roshco during that period. A fair reading of the allegations against the attorney defendants is that they failed to disclose the extent to which the transaction was detrimental to plaintiff. Lacking, however, is the assertion of any misrepresentation by either Roshco or Rich that was calculated to induce plaintiff's detrimental reliance so as to support a claim of fraud (cf. *Houbigant, Inc. v Deloitte & Touche*, 303 AD2d 92, 100 [2003]) and, absent any underlying tort, the conspiracy claim is likewise without foundation (*see Jebran v LaSalle Bus. Credit, LLC*, 33 AD3d 424, 425 [2006]).

A claim for attorney malpractice arises out of the contractual relationship between the parties, whether documented by a retainer agreement or not (*Moran v Hurst*, 32 AD3d 909, 911 [2006]). Absent actual representation by Rich and Kudman Trachten, plaintiff's claims of legal malpractice are untenable as against those defendants (*see AG Capital Funding Partners, L.P. v State St. Bank & Trust Co.*, 5 NY3d 582, 595 [2005]), as is the redundant cause of action for breach of fiduciary duty (*see Brooks v Lewin*, 21 AD3d 731, 733 [2005], *lv denied* 6 NY3d 713 [2006]; *Tabner v Drake*, 9 AD3d 606, 611 [2004]).

Affording plaintiff the benefit of every favorable inference (*Rovello v Orofino Realty Co.*, 40 NY2d 633, 634 [1976]), we accept as true the complaint's allegations that Rich knew or should have known that the active assistance he provided to Suzuki was harmful to her interests (*see Franco v English*, 210

AD2d 630, 633 [1994]). Rich and Kudman Trachten were engaged by Suzuki to represent Keystone in the purchase of the Hasegawa property, and Suzuki, as Keystone's manager, was charged with a fiduciary duty to plaintiff. A cause of action for aiding and abetting breach of fiduciary duty merely "requires a prima facie showing of a fiduciary duty owed to plaintiff . . . a breach of that duty, and defendant's substantial assistance . . . in effecting the breach, together with resulting damages" (*Ulico Cas. Co. v Wilson, Elser, Moskowitz, Edelman & Dicker*, 56 AD3d 1, 11 [1st Dept 2008]; *Kaufman v Cohen*, 307 AD2d 113, 125 [2003]). Owners of a fractional interest in a common entity are owed a fiduciary duty by its manager (*see Caprer v Nussbaum*, 36 AD3d 176, 189 [2006]), and it is now settled that a member of a limited liability company has standing to maintain a derivative action on its behalf (*Tzolis v Wolff*, 39 AD3d 138 [2007], *affd* 10 NY3d 100 [2008]). According the allegations of the complaint their most favorable intendment (*Arrington v New York Times Co.*, 55 NY2d 433, 442 [1982], *cert denied* 459 US 1146 [1983]), we find that it sufficiently pleads that to the extent Rich and Kudman Trachten knowingly assisted Suzuki to structure the transaction in a manner that was detrimental to plaintiff's interests, they may be held liable for aiding and abetting the breach of Suzuki's fiduciary duty to her as the owner of Keystone's majority interest (*Kaufman*, 307 AD2d at 125).

We find plaintiff's motion to amend the complaint to be timely (CPLR 3025 [b]; *see Cherebin v Empress Ambulance Serv., Inc.*, 43 AD3d 364, 365 [2007]). As noted, this matter was litigated in federal court until late 2005, defendants interposed this motion to dismiss in February 2006, and plaintiff's capacity to bring derivative claims on behalf of Keystone has only recently been resolved (*Tzolis*, 10 NY3d at 109). Given that the detailed facts concerning the extent of the attorney defendants' involvement in the fraudulent scheme are peculiarly within the knowledge of other parties (*see Jered Contr. Corp. v New York City Tr. Auth.*, 22 NY2d 187, 194 [1968]) and the substance of the alleged wrongdoing is set forth in the affidavits of plaintiff and her brother, the circumstances surrounding the proposed cause of action are sufficiently stated to support amendment of the complaint (*Zaid Theatre Corp. v Sona Realty Co.*, 18 AD3d 352, 354-355 [2005]; *cf. Non-Linear Trading Co. v Braddis Assoc.*, 243 AD2d 107, 116 [1998]). Moreover, at this stage of the proceedings, before joinder of issue and discovery, Rich and Kudman Trachten will not sustain prejudice as a result of the amendment (*see Stroock & Stroock & Lavan v Beltramini*, 157 AD2d 590, 591 [1990]).

We dismiss the cross appeals as abandoned for failure to raise grounds for affirmative relief in the briefs (*see Rivera v Anilesh*, 32 AD3d 202, 204-205 [2006], *affd on other grounds* 8 NY3d 627 [2007]). Concur—Tom, J.P., Friedman, Buckley, Acosta and Freedman, JJ.