█  JOHN MONAGHAN, Appellant, v FORD MOTOR COMPANY et al., Respondents, et al., Defendant. [897 NYS2d 482]—

In an action, inter alia, to recover damages for fraud and breach of fiduciary duty, the plaintiff appeals, as limited by his brief (1) from so much of an order of the Supreme Court, Nassau County (Warshawsky, J.), entered October 17, 2008, as (a) granted those branches of the motion of the defendant Ford Motor Company which were pursuant to CPLR 3211 (a) to dismiss, insofar as asserted against it, the third cause of action alleging breach of fiduciary duty as time-barred and the sixth and seventh causes of action alleging the aiding and abetting of a breach of fiduciary duty for failure to state a cause of action, (b) granted those branches of the separate motion of the defendant Ford Motor Credit Company which were pursuant to CPLR 3211 (a) to dismiss, insofar as asserted against it, the third cause of action alleging breach of fiduciary duty, the sixth cause of action alleging the aiding and abetting of a breach of fiduciary duty, and the tenth cause of action alleging aiding and abetting of duress, for failure to state a cause of action, (c) granted those branches of the separate motion of defendants Samuel Goldstein & Co., P.C., and Stuart Goldstein which were pursuant to CPLR 3211 (a) to dismiss, insofar as asserted against them, the fifth cause of action alleging the aiding and abetting of a breach of fiduciary duty as time-barred, and the first cause of action alleging fraud, the fourth cause of action alleging breach of fiduciary duty, and the tenth cause of action alleging the aiding and abetting of duress, for failure to state a cause of action, and (d) granted those branches of the separate motion of defendants National Star Executive Sales, LLC, and Gadi Ben Hamo which were pursuant to CPLR 3211 (a) to dismiss, insofar as asserted against them, the fifth cause of action alleging the aiding and abetting of a breach of fiduciary duty as time-barred, and the first cause of action alleging fraud,

the sixth cause of action alleging the aiding and abetting of a breach of fiduciary duty, and the tenth cause of action alleging the aiding and abetting of duress, for failure to state a cause of action, and (2) from so much of an order of the same court entered April 23, 2009, as, upon reargument, adhered to the original determinations in the order entered October 17, 2008.

Ordered that the appeal from the order entered October 17, 2008, is dismissed, without costs or disbursements, as that order was superseded by the order entered April 23, 2009, made upon reargument; and it is further,

Ordered that the order entered April 23, 2009, is modified, on the law, by deleting the provisions thereof which, upon reargument, adhered to the determinations in the order entered October 17, 2008, granting that branch of the motion of the defendant Ford Motor Company which was to dismiss the third cause of action alleging breach of fiduciary duty insofar as asserted against it, and granting those branches of the separate motions of the defendants Samuel Goldstein & Co., P.C., and Stuart Goldstein, and the defendants National Star Executive Sales, LLC, and Gadi Ben Hamo, which were to dismiss the fifth cause of action alleging that they aided and abetted the defendant Ford Motor Company in the breach of a fiduciary duty insofar as asserted against each of them, and substituting therefor provisions, upon reargument, vacating the determinations in the order entered October 17, 2008, granting that branch of the motion of the defendant Ford Motor Company which was to dismiss the third cause of action alleging breach of fiduciary duty insofar as asserted against it and granting those branches of the separate motions of the defendants Samuel Goldstein & Cox, P.C., and Stuart Goldstein, and the defendants National Star Executive Sales, LLC, and Gadi Ben Hamo which were to dismiss the fifth cause of action alleging that they aided and abetted the defendant Ford Motor Company in the breach of a fiduciary duty insofar as asserted against each of them, and thereupon denying those branches of the motions; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

New York law does not provide a single statute of limitations for causes of action alleging a breach of fiduciary duty. Rather, the choice of the applicable limitations period depends on the substantive remedy sought by the plaintiff (*see IDT Corp. v Morgan Stanley Dean Witter & Co.*, 12 NY3d 132 [2009]; *Loengard v Santa Fe Indus.*, 70 NY2d 262, 266 [1987]). Where the remedy sought is purely monetary in nature, courts construe the action as alleging "injuries to property" within the meaning

of CPLR 214 (4), which has a three-year limitations period (*see e.g. Yatter v Morris Agency*, 256 AD2d 260, 261 [1998]). Where, however, the relief sought is equitable in nature, the six-year limitations period of CPLR 213 (1) applies (*see Loengard v Santa Fe Indus.*, 70 NY2d at 266-267). Moreover, where an allegation of fraud is essential to a breach of fiduciary duty claim, courts have applied a six-year statute of limitations under CPLR 213 (8) (*see IDT Corp. v Morgan Stanley Dean Witter & Co.*, 12 NY3d 132 [2009]; *Kaufman v Cohen*, 307 AD2d 113, 119 [2003]). However, if the fraud allegation is only incidental to the allegation of breach of fiduciary duty, and not essential to it, then the three-year statute of limitations will apply (*see Kaufman v Cohen*, 307 AD2d 113 [2003]).

We agree with the plaintiff that, here, the breach of fiduciary cause of action asserted against the defendant Ford Motor Company (hereinafter FMC) states an actual claim of fraud, which is not merely incidental to the breach of fiduciary duty claim and, therefore, it is subject to a six-year statute of limitations and is not time-barred. Accordingly, the third cause of action asserted against FMC, and sounding in breach of fiduciary duty, should not have been dismissed. For the same reason, the fifth cause of action asserted against the defendants Samuel Goldstein & Co., P.C., Stuart Goldstein, National Star Executive Sales, LLC, and Gadi Ben Hamo, alleging that they aided and abetted FMC's breach of a fiduciary duty, is not time-barred.

"A cause of action [alleging the] aiding and abetting [of a] breach of fiduciary duty merely 'requires a prima facie showing of a fiduciary duty owed to plaintiff . . . a breach of that duty, and defendant's substantial assistance . . . in effecting the breach, together with resulting damages' " (*Yuko Ito v Suzuki*, 57 AD3d 205, 208 [2008] [internal quotation marks omitted], quoting *Ulico Cas. Co. v Wilson, Elser, Moskowitz, Edelman & Dicker*, 56 AD3d 1 [2008]; *see Kaufman v Cohen*, 307 AD2d 113, 125 [2003]). "Substantial assistance occurs when a defendant affirmatively assists, helps conceal or fails to act when required to do so, thereby enabling the breach to occur. . . However, the mere inaction of an alleged aider and abettor constitutes substantial assistance only if the defendant owes a fiduciary duty directly to the plaintiff" (*Kaufman v Cohen*, 307 AD2d at 126 [citations omitted]).

The complaint adequately states a cause of action against the defendants Samuel Goldstein & Co., P.C., Stuart Goldstein, National Star Executive Sales, LLC, and Gadi Ben Hamo, to recover damages for aiding and abetting FMC's alleged breach of a fiduciary duty.

The plaintiff's remaining contentions are without merit. Fisher, J.P., Angiolillo, Leventhal and Lott, JJ., concur.