Plaintiff's motion is granted to the extent of allowing it to file a supplemental appendix including pages 37-40, 59-63 and 65-67 of the transcript of oral argument before Justice Lowe on October 8, 2008, and the supplemental appendix deemed filed, and denied insofar as it seeks to strike portions of defendants' reply brief.

■ Roni LLC et al., Appellants, v Rachel L. Arfa et al., Defendants, and Mintz Levin Cohn Ferris Glovsky & Popeo, P.C., et al., Respondents. [897 NYS2d 421]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered October 27, 2009, which, upon renewal and reargument, adhered to a prior order, same court and Justice, entered April 15, 2009, granting the motion of defendants Mintz Levin Cohn Ferris Glovsky & Popeo, P.C. (Mintz Levin) and Jeffrey A. Moerdler and the cross motion of Edward Lukashok, Aubrey Realty Co., Aubrey Realty, LLC, 42nd Street Realty, LLC, Tammaz Realty, LLC, and Elul Acquisition, LLC to dismiss the claims of aiding and abetting breach of fiduciary duty as against Mintz Levin, Moerdler and Lukashok (collectively, the attorney defendants), affirmed, with costs. Appeal from prior order unanimously dismissed, without costs, as superseded by the appeal from the October 27, 2009 order.

Plaintiffs' conclusory allegations, and the documentary evidence submitted in support thereof, do not give rise to an inference that the attorney defendants had actual knowledge of, or knowingly induced or participated in, the alleged scheme of defendants Rachel L. Arfa, Alexander Shpigel, and Gadi Zamir (collectively, the promoter defendants) to inflate the purchase price of the properties they promoted by receiving secret commissions. At most, the documentary evidence indicates that the attorney defendants structured and organized entities that acted as the brokers on the property acquisitions and collected com-

missions—activities which are part of ordinary real estate lawyering (*see Eurycleia Partners, LP v Seward & Kissel, LLP*, 46 AD3d 400 [2007], *affd* 12 NY3d 553 [2009]; *Kaufman v Cohen*, 307 AD2d 113, 126 [2003]; *cf. Yuko Ito v Suzuki*, 57 AD3d 205 [2008]). Accordingly, assuming without deciding that plaintiffs have alleged a breach of fiduciary duty by the promoter defendants, they have not stated a cause of action for aiding and abetting such a breach by the attorney defendants.

We agree with the motion court that the allegations of paragraphs 105 and 106 of the complaint, on which the dissent focuses, are "conclusory," and therefore "do not give rise to an inference that the Attorney Defendants had actual knowledge of, or knowingly induced, participated in, substantially assisted the furtherance of, or intended to aid in the commission of, the Promoters' scheme to secretly obtain Commissions at the expense of the investors" (citing *Eurycleia*, 12 NY3d at 559-560; *International Strategies Group, Ltd v ABN AMRO Bank N.V.*, 49 AD3d 474, 475 [2008]; *Global Mins. & Metals Corp. v Holme*, 35 AD3d 93, 101-102 [2006], *lv denied* 8 NY3d 804 [2007]). Simply put, the allegation that the attorney defendants structured the transactions at issue does not, without more, give rise to a reasonable inference that such professionals were aware that the promoter defendants, in soliciting plaintiffs' investment, were concealing certain commissions that the promoter defendants stood to receive. In this regard, it bears emphasis that it is not alleged that the attorney defendants solicited plaintiffs or advised the promoter defendants concerning such solicitation. Concur—Andrias, Friedman and Catterson, JJ.

Tom, J.P., and Nardelli, J., dissent in a memorandum by Nardelli, J., as follows: I respectfully dissent because I cannot agree with the majority's conclusion that the complaint does not give rise to any inference other than that the attorney defendants merely "structured and organized entities that acted as the brokers on the property acquisitions and collected commissions."

Paragraph 105 of the complaint alleges that defendant Lukashok knew of the nondisclosures concerning the nonattorney defendants' secretive receipt of additional funds in connection with the real estate transactions, and failed to disclose them to the investors in the limited liability companies which they were representing at the time of the purchases. It is further alleged that Lukashok himself shared in these secret commissions. Paragraph 106 similarly recites that the other attorney defendants also knew of the nondisclosures concerning the secret payments, and likewise failed to disclose them to the

investors. These contentions allege more than that the attorneys were involved in structuring some business entities. Indeed, at a minimum, the attorneys are alleged to have represented the limited liability companies in the transactions.

As this Court has recently noted, "Owners of a fractional interest in a common entity are owed a fiduciary duty by its manager" (*Yuko Ito v Suzuki*, 57 AD3d 205, 208 [2008], citing *Caprer v Nussbaum*, 36 AD3d 176, 189 [2006]). Thus, the nonattorney defendants are potentially liable to plaintiffs, who were investors in the limited liability companies, if it can be established that they received additional payments in conjunction with the transactions that were not disclosed to plaintiffs.

Concededly, for the attorneys to be liable also for abetting the breach of fiduciary duty, they must have provided " 'substantial assistance' to the primary violator" (*Kaufman v Cohen*, 307 AD2d 113, 126 [2003]). Yet, "[s]ubstantial assistance occurs when a defendant affirmatively assists, helps conceal or *fails to act when required to do so*, thereby enabling the breach to occur" (*id.* [emphasis supplied]). If the attorneys are proven to have known about the secret payments, their failure to disclose the details to the investors could be found to have enabled the breach to occur.

Thus, it cannot be said as a matter of law that the pleading is deficient, and dismissal at this stage of the litigation is consequently not warranted.