■ WENDY BARON et al., Appellants-Respondents, v ANTHONY GALASSO et al., Defendants, and SIGNATURE BANK, Respondent-Appellant. [921 NYS2d 100]—

In an action, inter alia, to recover damages for legal malpractice, conversion, negligence, and breach of fiduciary duty, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), entered August 6, 2009, as granted that branch of the motion of the defendant Signature Bank which was pursuant to CPLR 3211 (a) (5) to dismiss so much of the complaint as was based upon acts occurring prior to January 28, 2006, insofar as asserted against it, and the defendant Signature Bank cross-appeals, as limited by its brief, from so much of the same order as denied those branches of its motion which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the de-

fendant Signature Bank which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs payable to the defendant Signature Bank.

The plaintiffs commenced this action against, among others, their attorney, Peter Galasso, Peter Galasso's brother and bookkeeper, Anthony Galasso, and Signature Bank (hereinafter Signature) based upon Anthony Galasso's alleged embezzlement of approximately $4.4 million in proceeds from the plaintiffs' sale of real property, which Peter Galasso had placed in escrow at Signature. Signature moved pursuant to CPLR 3211 (a) (1), (5) and (7) to dismiss the complaint insofar as asserted against it. The Supreme Court, inter alia, granted that branch of Signature's motion which was pursuant to CPLR 3211 (a) (5) to dismiss so much of the complaint as was based on conduct occurring prior to January 28, 2006, insofar as asserted against it, and denied those branches of the motion which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against it. The plaintiffs appeal, and Signature cross-appeals.

Contrary to the plaintiffs' contentions, the Supreme Court properly applied the three-year statute of limitations to the ninth cause of action, alleging negligence and the eleventh cause of action, alleging aiding and abetting a breach of fiduciary duty (*see* CPLR 214 [4]; *IDT Corp. v Morgan Stanley Dean Witter & Co.*, 12 NY3d 132, 139-140 [2009]; *Matter of Kaszirer v Kaszirer*, 286 AD2d 598, 599 [2001]; *Heffernan v Marine Midland Bank*, 283 AD2d 337, 338 [2001]). As this action was not commenced until January 28, 2009, the Supreme Court properly granted that branch of Signature's motion which was pursuant to CPLR 3211 (a) (5) to dismiss as time-barred so much of the complaint as was based upon acts occurring prior to January 28, 2006, insofar as asserted against it.

Additionally, the Supreme Court should have granted that branch of Signature's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it for failure to state a cause of action. In considering a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the court must " 'accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory' " (*Nonnon v City of New York*, 9 NY3d 825, 827 [2007], quoting *Leon v Martinez*, 84 NY2d 83, 87-88

[1994]; *see Sokol v Leader*, 74 AD3d 1180, 1181 [2010]). Bare legal conclusions asserted in a complaint, however, are not presumed to be true (*see Rozen v Russ & Russ, P.C.*, 76 AD3d 965, 969 [2010]; *F.W.J. Realty Corp. v County of Suffolk*, 73 AD3d 977, 978 [2010]; *Breytman v Olinville Realty, LLC*, 54 AD3d 703, 704 [2008]).

In the ninth cause of action, the plaintiffs sought to recover damages from Signature for negligence. Generally, a depositary bank has no duty to monitor fiduciary accounts maintained at its branches in order to safeguard funds in those accounts from fiduciary misappropriation (*see Matter of Knox [Columbia Banking Fed. Sav. & Loan Assn.]*, 64 NY2d 434, 438 [1985]; *Norwest Mtge. v Dime Sav. Bank of N.Y.*, 280 AD2d 653, 654 [2001]; *Home Sav. of Am. v Amoros*, 233 AD2d 35, 39 [1997]). Nonetheless, "[l]iability may be imposed if a depositary bank has actual knowledge or notice that a diversion will occur or is ongoing. Facts sufficient to cause a reasonably prudent person to suspect that trust funds are being misappropriated will trigger a duty of inquiry on the part of a depositary bank, and the bank's failure to conduct a reasonable inquiry when the obligation arises will result in the bank being charged with such knowledge as inquiry would have disclosed. Such facts include a chronic insufficiency of funds, or payment of the fiduciary's personal obligations to the depositary bank from the escrow account" (*Norwest Mtge. v Dime Sav. Bank of N.Y.*, 280 AD2d at 654 [citation omitted]).

The plaintiffs did not allege that Signature had actual knowledge of the allegedly improper diversions from the escrow account, nor did they allege facts that would be sufficient to trigger a duty of inquiry on Signature's part. The plaintiffs' allegation that Signature was aware that Anthony Galasso was not an attorney and, thus, allegedly not legally authorized to be a signatory to any attorney's escrow account, was insufficient, since that fact would not "cause a reasonably prudent person to suspect that trust funds [were] being misappropriated" (*id.*). The only other nonconclusory allegations in the complaint on this issue were that funds were withdrawn from the escrow account by electronic transfers, and that such transfers were prohibited by the terms of the agreement establishing the escrow account. The latter fact, however, was indisputably shown through evidentiary material to be "not a fact at all" (*Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). Thus, the plaintiffs failed to state a cause of action to recover damages from Signature for negligence.

In the eleventh cause of action, the plaintiffs sought to re-

cover damages from Signature for aiding and abetting a breach of fiduciary duty. To recover damages for aiding and abetting a breach of fiduciary duty, a plaintiff must plead and prove that a fiduciary duty owed to plaintiff was breached, that the defendant "knowingly induced or participated in the breach," and that the plaintiff sustained damages as a result of the breach (*Kaufman v Cohen*, 307 AD2d 113, 125 [2003]; *see Roni LLC v Arfa*, 15 NY3d 826 [2010]; *Global Mins. & Metals Corp. v Holme*, 35 AD3d 93, 101 [2006]). "A person knowingly participates in a breach of fiduciary duty only when he or she provides 'substantial assistance' to the primary violator" (*Kaufman v Cohen*, 307 AD2d at 126; *see Roni LLC v Arfa*, 15 NY3d at 827; *Monaghan v Ford Motor Co.*, 71 AD3d 848, 850 [2010]; *Global Mins. & Metals Corp. v Holme*, 35 AD3d at 101).

The plaintiffs alleged that Signature "knew or should have known" that Anthony Galasso was actively depleting the escrow account, and that Signature was "in possession of sufficient information to know" that unauthorized diversions were occurring. However, since a claim of aiding and abetting a breach of fiduciary duty must be supported by an allegation that the defendant had actual knowledge of the breach of duty, as opposed to mere constructive knowledge (*see Kaufman v Cohen*, 307 AD2d at 125), an allegation that the defendant "knew or should have known" about the breach of duty is insufficient to support such a claim (*Global Mins. & Metals Corp. v Holme*, 35 AD3d at 102; *see Brasseur v Speranza*, 21 AD3d 297, 299 [2005]). The allegations in the complaint also are deficient in that they describe only omissions by Signature. "Substantial assistance" requires an affirmative act on the defendant's part; "mere inaction" can constitute substantial assistance "only if the defendant owes a fiduciary duty directly to the plaintiff" (*Kaufman v Cohen*, 307 AD2d at 126; *see First Keystone Consultants, Inc. v DDR Constr. Servs.*, 74 AD3d 1135, 1137 [2010]; *Monaghan v Ford Motor Co.*, 71 AD3d at 850) and, here, the plaintiffs did not plead any facts that would support a finding that Signature owed a fiduciary duty directly to them. Thus, the plaintiffs failed to state a cause of action to recover damages from Signature for aiding and abetting a breach of fiduciary duty.

The plaintiffs' remaining contentions are without merit.

Accordingly, although the Supreme Court properly directed dismissal of the complaint in part, pursuant to CPLR 3211 (a) (5), as time-barred, the court also should have granted that branch of Signature's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it for failure to state a cause of action.

In light of our determination, we need not reach Signature's remaining contentions. Prudenti, P.J., Angiolillo, Florio and Sgroi, JJ., concur.