SANFORD/KISSENA OWNERS CORP., Appellant, v DARAL PROPERTIES, LLC, et al., Respondents, et al., Defendants. [923 NYS2d 692]—

In an action, inter alia, to rescind an agreement between the plaintiff and defendant Daral Properties, LLC, dated August 4, 2003, the plaintiff appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Queens County (Weiss, J.), entered March 30, 2010, as granted those branches of the motion of defendants Daral Properties, LLC, and Albert Crecco pursuant to CPLR 3211 (a) (7) which were to dismiss the first, second, fourth, and fifth causes of action insofar as asserted against those defendants, and (2) so much of a judgment of the same court entered May 20, 2010, as, upon the order, is in favor of the defendants Daral Properties, LLC, and Albert Crecco and against it dismissing the first, second, fourth, and fifth causes of

action insofar as asserted against those defendants. The notice of appeal from the order is deemed also to be a notice of appeal from the judgment (*see* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants Daral Properties, LLC, and Albert Crecco.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [c]).

On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must accept the facts alleged in the complaint as true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Nonnon v City of New York*, 9 NY3d 825, 827 [2007]; *Leon v Martinez*, 84 NY2d 83, 87 [1994]). However, bare legal conclusions asserted in a complaint are not presumed to be true (*see Baron v Galasso*, 83 AD3d 626 [2d Dept 2011]; *Rozen v Russ & Russ, P.C.*, 76 AD3d 965, 969 [2010]).

Applying these principles here, the Supreme Court properly granted that branch of the motion of the defendants Daral Properties, LLC (hereinafter Daral), and Albert Crecco pursuant to CPLR 3211 (a) (7) which was to dismiss the first cause of action insofar as asserted against them. The first cause of action seeks to rescind an agreement between the plaintiff and Daral dated August 4, 2003, upon the ground that it was procured by fraud. However, the complaint does not allege that Daral or Crecco made any affirmative misrepresentations of fact to induce the plaintiff to enter into the subject agreement. Furthermore, to the extent that the first cause of action is predicated on the failure to disclose material facts, "[t]he mere nondisclosure of a material fact, unaccompanied by some deceptive act, does not constitute fraud absent a confidential or fiduciary relationship" (*First Keystone Consultants, Inc. v DDR Constr. Servs.*, 74 AD3d 1135, 1138 [2010]; *see Dembeck v 220 Cent. Park S., LLC*, 33 AD3d 491, 492 [2006]). The complaint does not allege sufficient facts from which it could be inferred that Daral or Crecco had a fiduciary or confidential relationship with the plaintiff that would place them under a duty to disclose any material infor-

mation (*see Levin v Kitsis*, 82 AD3d 1051 [2011]; *Guarino v North Country Mtge. Banking Corp.*, 79 AD3d 805, 807 [2010]; *East End Labs., Inc. v Sawaya*, 79 AD3d 1095, 1096 [2010]; *Seldin v Smith*, 76 AD3d 623, 625 [2010]; *Dembeck v 220 Cent. Park S., LLC*, 33 AD3d at 492; *WIT Holding Corp. v Klein*, 282 AD2d 527, 529 [2001]). Accordingly, the complaint fails to state a cause of action insofar as asserted against Daral and Crecco to rescind the agreement upon the ground that it was procured by fraud.

The second cause of action, which seeks to rescind the agreement upon the ground of unilateral mistake, was also properly dismissed insofar as asserted against Daral and Crecco. The complaint alleges that the plaintiff failed to ascertain the benefit that the agreement would confer upon Daral under applicable zoning laws. This was merely a failure of ordinary care, which precludes a cause of action based on unilateral mistake (*see Culver & Theisen v Starr Realty Co. [NE]*, 307 AD2d 910, 911 [2003]; *see also Da Silva v Musso*, 53 NY2d 543, 552 [1981]; *Industron Assoc. v United Innovations*, 259 AD2d 592, 593 [1999]).

The fourth cause of action fails to state a cause of action to recover damages insofar as asserted against Daral and Crecco on the theory that they aided and abetted the alleged breach of fiduciary duty by the defendant John DiMilia. One who aids and abets a breach of a fiduciary duty is liable for that breach, even if he or she had no independent fiduciary obligation to the allegedly injured party, if the alleged aider and abettor rendered substantial assistance to the fiduciary in the course of effecting the alleged breach of duty (*see Velazquez v Decaudin*, 49 AD3d 712, 716 [2008]; *Caprer v Nussbaum*, 36 AD3d 176, 193 [2006]). " 'Substantial assistance occurs when a defendant affirmatively assists, helps conceal or fails to act when required to do so, thereby enabling the breach to occur' " (*Monaghan v Ford Motor Co.*, 71 AD3d 848, 850 [2010], quoting *Kaufman v Cohen*, 307 AD2d 113, 126 [2003]). Here, however, the complaint does not allege that Daral or Crecco affirmatively assisted DiMilia in making his allegedly fraudulent representations to the plaintiff, or that they helped DiMilia conceal any facts. The conclusory allegation that Crecco urged DiMilia, on an unspecified occasion, to induce the plaintiff to sign the agreement is insufficient to establish the element of substantial assistance (*see Roni LLC v Arfa*, 72 AD3d 413, 414 [2010], *affd* 15 NY3d 826 [2010]; *Stanfield Offshore Leveraged Assets, Ltd. v Metropolitan Life Ins. Co.*, 64 AD3d 472, 476 [2009]; *Kaufman v Cohen*, 307 AD2d at 126). Furthermore, while "mere inaction" can constitute

substantial assistance where the defendant owes a fiduciary duty directly to the plaintiff, the plaintiff did not plead any facts that would support a finding that Daral and Crecco owed a fiduciary duty directly to it (*see Baron v Galasso*, 83 AD3d 626, 629 [2011]).

Finally, the Supreme Court also properly dismissed the plaintiff's fifth cause of action insofar as asserted against Daral and Crecco, since it merely sought the alternate remedy of monetary damages in the event that the agreement were not rescinded on the ground of fraud or unilateral mistake.

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Dillon, J.P., Balkin, Eng and Roman, JJ., concur.