LEONARD SMALLBERG et al., Appellants, v RAICH ENDE MALTER & Co., LLP, et al., Respondents. [35 NYS3d 134]—

In an action to recover damages for tortious interference with contract and unjust enrichment, the plaintiffs appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Suffolk County (Garguilo, J.), dated June 30, 2015, as denied that branch of their cross motion which was pursuant to CPLR 3025 (b) for leave to serve an amended complaint alleging a cause of action to recover damages for aiding and abetting a breach of fiduciary duty.

Ordered that the order is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, with costs, and that branch of the plaintiffs' cross motion which was pursuant to CPLR 3025 (b) for leave to serve an amended complaint alleging a cause of action to recover damages for aiding and abetting a breach of fiduciary duty is granted.

Smallberg, Sorkin & Company, LLP (hereinafter SS&Co.), was a general practice accounting firm with offices in Manhattan and Long Island. The partners were Leonard Smallberg, his son, Bradley Smallberg (hereinafter together the plaintiffs), and Mitchell Sorkin. Leonard Smallberg stated in an affidavit

that during the fall of 2012, SS&Co. entered into negotiations with the defendant Raich Ende Malter & Co., LLP (hereinafter the defendant), another accounting firm, regarding a possible merger of the two firms. The negotiations were unsuccessful. At or around the same time, Sorkin, in his capacity as an SS&Co. partner, met with a potential new client, and sent that client a proposed letter of engagement with SS&Co. However, in December 2012, Sorkin advised the plaintiffs of his intent to withdraw as a partner of SS&Co., effective December 31, 2012. Thereafter, Sorkin joined the defendant as a partner, and the potential client with whom Sorkin had previously met while a partner at SS&Co. instead engaged the services of the defendant.

In May 2014, the plaintiffs commenced this action alleging tortious interference with contract and unjust enrichment. Thereafter, the defendant moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint or, in the alternative, for summary judgment dismissing the complaint. The plaintiffs cross-moved, inter alia, pursuant to CPLR 3025 (b) for leave to serve an amended complaint. The Supreme Court granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint and, inter alia, denied that branch of the plaintiffs' cross motion which was pursuant to CPLR 3025 (b) for leave to serve an amended complaint. The plaintiffs appeal from so much of the order as denied that branch of their cross motion which was for leave to serve an amended complaint alleging a cause of action to recover damages for aiding and abetting a breach of fiduciary duty.

" 'Leave to amend a pleading should be freely given (*see* CPLR 3025 [b]), provided the amendment is not palpably insufficient, does not prejudice or surprise the opposing party, and is not patently devoid of merit' " (*Gallagher v 109-02 Dev., LLC*, 137 AD3d 1073, 1073 [2016], quoting *Maspeth Fed. Sav. & Loan Assn. v Simon-Erdan*, 67 AD3d 750, 751 [2009]; *see Lucido v Mancuso*, 49 AD3d 220, 229 [2008]).

"A fiduciary relationship 'exists between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation' " (*EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005], quoting Restatement [Second] of Torts § 874, Comment *a*). "Such a relationship, necessarily fact-specific, is grounded in a higher level of trust than normally present in the marketplace between those involved in arm's length business transactions" (*EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d at 19). "[I]t is elemental that a fiduciary owes a duty of undivided

and undiluted loyalty to those whose interests the fiduciary is to protect" (*Birnbaum v Birnbaum*, 73 NY2d 461, 466 [1989]). As such, partners owe a fiduciary duty to each other (*see id.* at 465; *Appell v LAG Corp.*, 41 AD3d 277, 278 [2007]).

To recover damages for aiding and abetting a breach of fiduciary duty, a plaintiff must plead and prove that a fiduciary duty owed to the plaintiff was breached, that the defendant knowingly induced or participated in the breach, and that the plaintiff was damaged as a result of the breach (*see Baron v Galasso*, 83 AD3d 626, 629 [2011]; *Monaghan v Ford Motor Co.*, 71 AD3d 848, 850 [2010]; *Kaufman v Cohen*, 307 AD2d 113, 125 [2003]). Knowing participation in a breach of fiduciary duty occurs when the defendant provides substantial assistance to the primary violator (*see Yuko Ito v Suzuki*, 57 AD3d 205, 208 [2008]). " 'Substantial assistance occurs when a defendant affirmatively assists, helps conceal or fails to act when required to do so, thereby enabling the breach to occur . . . However, the mere inaction of an alleged aider or abettor constitutes substantial assistance only if the defendant owes a fiduciary duty directly to the plaintiff' " (*Monaghan v Ford Motor Co.*, 71 AD3d at 850, quoting *Kaufman v Cohen*, 307 AD2d at 126).

Here, the proposed amended complaint sufficiently alleges a cause of action to recover damages for aiding and abetting a breach of fiduciary duty. Specifically, it alleges, inter alia, that in December 2012 Sorkin, prior to withdrawing from SS&Co., had a fiduciary duty to the plaintiffs as their partner, that the defendant and at least one of its principals knew of this duty and nevertheless participated with Sorkin in conduct designed to breach that fiduciary duty, and that the plaintiffs sustained damages as a result (*see Monaghan v Ford Motor Co.*, 71 AD3d at 850; *Yuko Ito v Suzuki*, 57 AD3d at 208; *cf. Weiser LLP v Coopersmith*, 51 AD3d 583 [2008]). The proposed amendment is neither palpably insufficient nor patently devoid of merit and, at this relatively early stage of the action, the defendant will not be prejudiced as a result of the amendment (*see Yuko Ito v Suzuki*, 57 AD3d at 208).

The defendant's remaining contentions are without merit.

Accordingly, the Supreme Court should have granted that branch of the plaintiffs' cross motion which was pursuant to CPLR 3025 (b) for leave to serve an amended complaint alleging a cause of action to recover damages for aiding and abetting a breach of fiduciary duty. Dillon, J.P., Chambers, Barros and Brathwaite Nelson, JJ., concur.