■ BOARD OF MANAGERS OF THE 411 EAST 53RD STREET CONDOMINIUM, Respondent, v BARTON MARK PERLBINDER, Defendant, and STEPHEN PERLBINDER, Appellant. [55 NYS3d 45]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered April 20, 2016, which, to the extent appealed from as limited by the briefs, denied defendant Stephen Perlbinder's motion for summary judgment dismissing the cause of action for aiding and abetting breach of fiduciary duty predicated on defendants' post-injunction communications to the Department of Environmental Protection (DEP), and, upon a search of the record, granted partial summary judgment to plaintiff on that cause of action, unanimously reversed, on the law, without costs, the grant of summary judgment to plaintiff vacated, and that defendant's motion granted. Appeal from said order by defendant Barton Mark Perlbinder unanimously dismissed, without costs, as abandoned.

The court erred in finding that defendant Stephen Perlbinder (Stephen) aided and abetted defendant Barton Mark Perlbinder's (Barton) breach of a fiduciary duty, since it made no determination that Barton breached a fiduciary duty (see Yuko Ito v Suzuki, 57 AD3d 205, 208 [1st Dept 2008]). In any event, defendants' letters to the DEP asking the agency to reconsider its administrative order neither interfered with the court's injunction precluding defendants from interfering with the condominium's access to their garage unit for the purpose of installing a backflow prevention device nor impeded the condominium's compliance with DEP's order.

In addition, there is insufficient evidence to support a conclusion that Stephen had actual knowledge of Barton's alleged breach of fiduciary duty or that he provided substantial assistance to Barton in furtherance of such a breach (see Yuko Ito, 57 AD3d at 208). Concur—Acosta, P.J., Renwick, Richter, Feinman and Webber, JJ.