Land v Forgione (2019 NY Slip Op 08396)





Land v Forgione


2019 NY Slip Op 08396


Decided on November 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
RUTH C. BALKIN
JOHN M. LEVENTHAL, JJ.


2018-10997
 (Index No. 600747/17)

[*1]Corey Land, appellant, 
v
Joseph Forgione, et al., defendants, Huntington Tobacco Company, Inc., etc., respondent.


Edelstein & Grossman, New York, NY (Jonathan I. Edelstein of counsel), for appellant.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Timothy S. Driscoll, J.), entered July 30, 2018. The order denied the plaintiff's motion for leave to reargue and/or renew his opposition to the motion of the defendant Huntington Tobacco Company, Inc., pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against it, which had been granted in an order of the same court entered October 31, 2017, and for leave to amend the amended complaint.
ORDERED that the appeal from so much of the order entered July 30, 2018, as denied that branch of the plaintiff's motion which was for leave to reargue his opposition to the motion of the defendant Huntington Tobacco Company, Inc., pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against it is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order entered July 30, 2018, is affirmed insofar as reviewed, without costs or disbursements.
At all relevant times, the defendants Joseph Forgione, Diane Forgione, and Jeffrey State (hereinafter collectively the Stag defendants) were the owners of Due Paesani, Inc., doing business as S.T.A.G.'s Tap House (hereinafter the restaurant). The defendant Huntington Tobacco Company, Inc. (hereinafter Huntington), was the landlord and the owner of the premises.
The plaintiff alleges that on November 10, 2016, after months of operating the restaurant at a loss, the Stag defendants agreed that the plaintiff would operate the restaurant as general manager and would be provided a one-third ownership interest in the restaurant, as well as a right of first refusal to purchase the restaurant, if he could stop the losses and have the restaurant break even. The restaurant made a profit in December 2016, and the Stag defendants advised the plaintiff that they were willing to sell the restaurant to him. On January 17, 2017, while the plaintiff was waiting to learn the final closing date and sign the final purchase agreement, the Stag defendants terminated his employment and refused to sell the restaurant to him.
The plaintiff commenced the instant action against the Stag defendants alleging, inter [*2]alia, breach of contract, conversion, and fraud, and sought injunctive relief. The Supreme Court issued a temporary restraining order (hereinafter TRO) directing the Stag defendants to keep the restaurant open and operational, and restraining them from selling or transferring the restaurant.
In April 2017, the Stag defendants violated the TRO by defaulting on the payment of rent to Huntington. Huntington commenced an eviction proceeding in the District Court, Suffolk County. The plaintiff provided Huntington with a copy of the TRO on May 25, 2017. On June 1, 2017, Huntington and the Stag defendants appeared in the District Court in connection with the eviction proceeding, and entered into a stipulation of settlement consenting to the entry of a judgment of eviction. On the same date, Huntington leased the premises to a third party.
In July 2017, the plaintiff added Huntington as a defendant to the instant action, alleging, inter alia, conversion, fraud, tortious interference with contract, tortious interference with prospective advantage, abuse of process, and civil conspiracy. Huntington moved pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against it. The Supreme Court granted Huntington's motion on the ground that Huntington owed no legal duty to the plaintiff.
In May 2018, the plaintiff moved for leave to reargue and/or renew his opposition to Huntington's motion to dismiss, and for leave to amend the amended complaint to add a cause of action against Huntington alleging aiding and abetting the Stag defendants' violation of the TRO. Huntington opposed the motion. In the order appealed from, the Supreme Court denied the plaintiff's motion.
The Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was for leave to renew his opposition to Huntington's motion to dismiss. A motion for leave to renew must be based upon new facts not offered on the prior motion which would change the prior determination, and must contain a reasonable justification for the failure to present such facts on the prior motion (see CPLR 2221[e][2]; Bukhtiyarova v Cohen, 172 AD3d 1153, 1155-1156; Phoenix Grantor Trust v Exclusive Hospitality, LLC, 172 AD3d 927, 927). Here, we agree with the court's determination that the plaintiff failed to establish that the new evidence would have changed the prior determination.
The Supreme Court also providently exercised its discretion in denying that branch of the plaintiff's motion which was for leave to amend the amended complaint insofar as asserted against Huntington. To recover damages for aiding and abetting tortious conduct, a plaintiff must allege knowledge of the alleged tortious conduct by the aider and abettor, and substantial assistance by the aider and abettor in the achievement of the tortious conduct (see Markowits v Friedman, 144 AD3d 993, 996; Matter of Woodson, 136 AD3d 691, 693; Winkler v Battery Trading, Inc., 89 AD3d 1016, 1017). "Substantial assistance requires an affirmative act on the defendant's part; mere inaction can constitute substantial assistance only if the defendant owes a fiduciary duty directly to the plaintiff" (Baron v Galasso, 83 AD3d 626, 629 [internal quotation marks omitted]; see First Keystone Consultants, Inc. v DDR Constr. Servs., 74 AD3d 1135, 1137-1138; Monaghan v Ford Motor Co., 71 AD3d 848, 850). Here, the plaintiff's proposed amendment was palpably insufficient and devoid of merit because the conduct alleged was insufficient to establish that Huntington substantially assisted the Stag defendants' alleged tortious conduct or owed any fiduciary duty to the plaintiff (see Markowits v Friedman, 144 AD3d at 996; Baron v Galasso, 83 AD3d 626). Rather, Huntington was protecting its own interests as landlord of the premises.
SCHEINKMAN, P.J., RIVERA, BALKIN and LEVENTHAL, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court