Fuisz v 6 E. 72nd St. Corp. (2023 NY Slip Op 06213)

Fuisz v 6 E. 72nd St. Corp.

2023 NY Slip Op 06213

Decided on December 05, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 05, 2023

Before: Kern, J.P., Gesmer, Moulton, Kennedy, Higgitt, JJ. 

Index No. 153622/12, 290523/13 Appeal No. 1141 Case No. 2022-02329 

[*1]Beverly Fuisz, Individually and as the Executor of the Estate of Robert E. Fuisz, Plaintiff-Appellant-Respondent,
v
6 East 72nd Street Corporation et al., Defendants-Respondents, Joseph K. Blum Co., LLP, et al., Defendants-Respondents-Appellants.
Myrna Ronson, Third-Party Plaintiff-Respondent,
v
Uberto, Ltd., Third-Party Defendant-Respondent-Appellant.

Higgins & Trippett LLP, New York (Thomas P. Higgins of counsel), for appellant-respondent.
Marshall, Dennehey, Warner, Coleman & Goggin, P.C., Melville (Martin A. Schwartzberg of counsel), for Joseph K. Blum Co., LLP, and James J. Blum, respondents-appellants.
Baxter & Smith, P.C., Hicksville (James F. Diviney of counsel), for Uberto, Ltd., respondent-appellant.
Boyd, Richards, Parker & Colonelli, P.L., New York (Rosalie Stillitano of counsel), for 6 East 72nd Street Corporation, Board of Directors of 6 East 72nd Street Corporation and Gumley Haft, Inc., respondents.
Quirk & Bakalor, P.C., Garden City (Loretta Redmond of counsel), for Myrna Ronson, respondent.

Order, Supreme Court, New York County (Kelly O'Neill Levy, J.), entered March 25, 2022, which to the extent appealed from as limited by the briefs, denied the motion of defendants Joseph K. Blum Co., LLP and James Blum (the Blum defendants) for summary judgment dismissing plaintiff's claims for negligence and nuisance and the cross-claims for contribution asserted against them; granted defendant/third-party plaintiff Myrna Ronson's motion for summary judgment for contribution and attorneys' fees against third-party defendant Uberto, Ltd.; and dismissed plaintiff's claims for breach of contract, tortious interference with contract, breach of fiduciary duty, and aiding and abetting breach of fiduciary duty in their entirety, dismissed her claim for negligence against defendant Myrna Ronson and the related request for punitive damages, and dismissed the claims for partial constructive eviction and nuisance against defendant 6 East 72nd Street Corporation (the cooperative), unanimously modified, on the law, to vacate that part of the order in which the motion court searched the record under CPLR 3212(b) to dismiss plaintiff's claims for breach of fiduciary duty against defendant Board of Directors of 6 East 72nd Street Corporation (the board), the claim for aiding and abetting breach of fiduciary duty against the Blum defendants, and the claim for partial constructive eviction against the cooperative, and otherwise affirmed, without costs.
The motion court properly denied the Blum defendants' motion for summary judgment seeking to dismiss plaintiff's negligence claim against it. There are issues of fact as to whether the Blum defendants, as the building's engineer, caused or contributed to the damages in plaintiff's apartment when they reviewed the plans for Ronson's project and advised the cooperative and its board as to how to proceed (see e.g. Solomon v City of New York, 66 NY2d 1026, 1027 [1985]).
The court properly denied dismissal of the cross-claims for contribution against the Blum defendants on the ground that there is an issue of fact as to whether the Blum defendants' supervision of the project contributed to Uberto's creation of the nuisance (see e.g. Berenger v 261 W. LLC, 93 AD3d 175, 182 [1st Dept 2012]).
Turning to third-party defendant Uberto Ltd.'s appeal, although Uberto maintains that there are questions of fact as to whether Ronson was free from negligence precluding summary judgment on the third-party claim for indemnification, Uberto fails to identify what those questions are (see e.g. Spielmann v 170 Broadway NYC LP, 187 AD3d 492, 494 [1st Dept 2020]). Because the court correctly determined that there was no evidence that Ronson herself was negligent, requiring Uberto to indemnify her under these circumstances does not violate General Obligations Law § 5-322.1 (1) or public policy generally (see Brown v Two Exch. Plaza Partners, 76 NY2d 172, 179-181 [1990]). Although Uberto maintains that it should not be required to indemnify [*2]Ronson for all of the claims asserted against her, as discussed below, only plaintiff's nuisance claim remains, and there is no factual dispute that Uberto caused leaks and damage in plaintiff's apartment underlying the nuisance claim, and its direct responsibility for each occasion of damage is well established in the record (Berenger v 261 W. LLC, 93 AD3d at 182).
Regarding plaintiff's claims for breach of Ronson's alteration agreement and tortious interference with contract based on a third-party beneficiary theory, the motion court correctly determined that plaintiff failed to identify a basis for rejecting the no third-party beneficiary provision of the alteration agreement or an exception to its application, requiring dismissal of those claims (see e.g. Dormitory Auth. Of the State of N.Y. v Samson Constr. Co., 30 NY3d 704, 710 [2018]; Artwear, Inc. v Hughes, 202 AD2d 76, 81-82 [1st Dept 1994]).
We also affirm the court's dismissal of plaintiff's negligence claim against Ronson, as the record establishes that Uberto was an independent contractor, precluding Ronson's liability here, and the motion court properly concluded that plaintiff failed to raise a question of fact as to whether Ronson supervised the work (see e.g. Saini v Tonju Assoc., 299 AD2d 244, 245 [1st Dept 2002]). On this basis, the court also properly dismissed plaintiff's request for punitive damages associated with the claim. As for plaintiff's claim for nuisance against the cooperative, the motion court correctly determined that generally speaking, "a cause of action for nuisance does not lie against a landlord who did not create the nuisance and who has surrendered control of the premises to a tenant" (Clarke v 6485 & 6495 Broadway Apt. Inc., 122 AD3d 494, 494-495 [1st Dept 2014]).
We modify that part of the order which dismissed plaintiff's claims for breach of fiduciary duty against the board and the claim for aiding and abetting breach of fiduciary duty against the Blum defendants. Contrary to the board's contention, the breach of fiduciary duty claim does not simply restate plaintiff's failed claim for breach of the alteration agreement on a third-party beneficiary theory. Rather, the board had a separate fiduciary duty to treat plaintiff fairly in applying the cooperative's rules and not to favor Ronson's alteration project over the integrity of plaintiff's apartment (see Matter of Levandusky v One Fifth Ave. Apt. Corp., 75 NY2d 530, 537 [1990]).
Although the motion court acted within its discretion to search the record under CPLR 3212(b), we disagree with its exercise of that discretion. In this case, a reasonable factfinder could conclude that the board violated its fiduciary duty to plaintiff by ignoring evidence that Ronson's project could damage plaintiff's apartment and failed to enforce its own rules even after the work caused damage to plaintiff's apartment (see e.g. 40 W. 67th St. v Pullman, 100 NY2d 147, 155 [2003]). Therefore, the court should not have [*3]concluded that there were no issues of fact with respect to whether the board acted within its authority in a way that legitimately furthered a corporate purpose. Moreover, because breach of fiduciary duty should proceed to trial based in part on the board's failure to take adequate steps to protect plaintiff after learning that the Blum defendants' information was erroneous, the aiding and abetting breach of fiduciary duty also should be resolved by the factfinder (see e.g. Yuko Ito v Suzuki, 57 AD3d 205, 208 [1st Dept 2008]).
Finally, we also modify to reinstate plaintiff's claim for partial constructive eviction against the cooperative based on the damages that rendered portions of her apartment unusable (Minjak Co. v Randolph, 140 AD2d 245, 248 [1st Dept 1988]). The motion court dismissed the claim finding that it may only be asserted defensively. However, this conclusion overlooked the parties' August 27, 2013 so-ordered stipulation in which the parties agreed that plaintiff's entitlement to a setoff of her maintenance obligations raised in defense of the cooperative's nonpayment proceeding against her could be resolved in this action, and therefore we reinstate the claim for further proceedings (id.).
We have considered the remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 5, 2023