SMS Financial XV, LLC, as Successor in Interest to JPMorgan Chase Bank, N.A. and Another, Respondent, v Raquette Lake Camps, Inc., et al., Appellants. [935 NYS2d 36]—

The plaintiff allegedly was assigned a judgment that had been entered against the defendant Edward E. Lapidus (hereinafter Edward), among others, in 1993 in the amount of $2,787,985.80. In 2000, the defendant KL Camps, LLC (hereinafter KL Camps), of which Edward's wife, the defendant Kathryn Lapidus (hereinafter Kathryn), is the sole shareholder, purchased the defendant Raquette Lake Camps, Inc. (hereinafter Raquette Lake Camps), with Kathryn's separately owned assets. Since that time, Edward allegedly has provided his services to Raquette Lake Camps as a camp director for no compensation.

The plaintiff commenced this action asserting two causes of action pursuant to Debtor and Creditor Law §§ 273 and 276, respectively, seeking, inter alia, to set aside the alleged fraudulent conveyances of Edward's services to Kathryn, KL Camps, and Raquette Lake Camps for no compensation, and to recover money damages. The plaintiff also asserted a third cause of action for attorneys' fees pursuant to Debtor and Creditor Law § 276-a. The defendants moved pursuant to CPLR 3211 (a) (7) to dismiss the first, second, and third causes of action, arguing that Edward's failure to receive a salary is not a conveyance as defined in the Debtor and Creditor Law. The Supreme Court, among other things, denied their motion.

The Supreme Court should have granted the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the first, second, and third causes of action. Contrary to the Supreme Court's determination, personal services provided by a judgment debtor are not "[c]onveyance[s]" which may be set aside as fraudulent pursuant to Debtor and Creditor Law §§ 273 and 276 (Debtor and Creditor Law § 270; *see Abbey v Deyo*, 44 NY 343, 346-347 [1871]; *Buckley v Wells*, 33 NY 518, 520-521 [1865]; *Brumbaugh, Graves, Donohue & Raymond v Ledes*, 238 AD2d 298 [1997]). Rivera, J.P., Florio, Lott and Miller, JJ., concur.