■ STATE FARM INSURANCE COMPANY, Plaintiff, v SHANLEY & SCHWARTZ, INC., et al., Defendants. (Action No. 1.) STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant, v DONALD SHANLEY et al., Respondents. (Action No. 2.) [975 NYS2d 757]—

In an action, inter alia, to recover damages for breach of contract (action No. 1), and a related action to set aside alleged fraudulent conveyances pursuant to Debtor and Creditor Law article 10 (action No. 2), which were joined for trial, the plaintiff in action No. 2 appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Garguilo, J.), dated March 29, 2012, as granted those branches of the motion of the defendants in action No. 2 Vita Shanley and First Recovery Services, Inc., and the separate motion of the defendant in action No. 2 Donald Shanley, which were pursuant to CPLR 3211 (a) (7) to dismiss the complaint in action No. 2 insofar as asserted against each of them, denied its cross motion for summary judgment on the complaint in action No. 2, and, sua sponte, vacated an order of the same court dated February 6, 2012.

Ordered that the appeal from so much of the order dated March 29, 2012, as, sua sponte, vacated an order of the same court dated February 6, 2012, is dismissed, without costs or disbursements, as no appeal lies as of right from an order which does not decide a motion made on notice, and we decline to grant leave to appeal (*see* CPLR 5701 [a] [2]); and it is further,

Ordered that the order dated March 29, 2012, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendants in action No. 2.

In 1999, State Farm Insurance Company (hereinafter State Farm) was granted a judgment in action No. 1 in its favor and against Donald Shanley (hereinafter Donald) in the total sum of $40,450.

In September 2010, State Farm commenced action No. 2 against Donald, his wife Vita Shanley (hereinafter Vita), and First Recovery Services, Inc. (hereinafter First Recovery), a corporation solely owned by Vita. State Farm alleged that Donald had provided his services as an employee to First Recovery for no compensation, and asserted causes of action pursuant to Debtor and Creditor Law §§ 273-a and 276 to set aside the alleged fraudulent conveyances of Donald's personal services to First Recovery and Vita. State Farm also asserted a cause of action for attorneys' fees pursuant to Debtor and Creditor Law § 276-a. Vita and First Recovery moved, and Donald separately moved, inter alia, pursuant to CPLR 3211 (a) (7) to dismiss the complaint in action No. 2 insofar as asserted against each of them, contending that Donald's personal services did not constitute assets subject to the provisions of the Debtor and Creditor Law. State Farm cross-moved for summary judgment on the complaint. The Supreme Court, among other things, granted the separate motions to dismiss the complaint in action No. 2 and denied State Farm's cross motion.

The Supreme Court properly granted the separate motions pursuant to CPLR 3211 (a) (7) to dismiss the complaint, and properly denied State Farm's cross motion for summary judgment. On a motion to dismiss pursuant to CPLR 3211 (a) (7), the court should accept the facts alleged in the complaint as true and afford the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]; *Baron v Galasso*, 83 AD3d 626, 627 [2011]; *Sokol v Leader*, 74 AD3d 1180, 1181 [2010]). A necessary element of a cause of action pursuant to Debtor and Creditor Law §§ 273-a and 276 is a "conveyance" (Debtor and Creditor Law

§ 270). Personal services provided by a judgment debtor, however, are not conveyances as defined by Debtor and Creditor Law § 270 (*see Abbey v Deyo*, 44 NY 343, 346-347 [1871]; *Buckley v Wells*, 33 NY 518, 520-521 [1865]; *SMS Fin. XV, LLC v Raquette Lake Camps, Inc.*, 90 AD3d 741, 742 [2011]). As it did not sufficiently allege a conveyance made by Donald, the complaint in action No. 2 failed to state a cause of action pursuant to Debtor and Creditor Law §§ 273-a, 276, and, by extension, section 276-a. For the same reasons, summary judgment was properly denied to State Farm. Dillon, J.P., Dickerson, Cohen and Hinds-Radix, JJ., concur.