■ RIBLET PRODUCTS CORPORATION et al., Appellants, v ERNEST J. NAGY, Respondent. [595 NYS2d 228] —In an action to recover damages, inter alia, for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Kings County (Williams, J.), entered December 5, 1990, which granted the defendant's motion to dismiss the complaint for lack of personal jurisdiction.

Ordered that the order is affirmed with costs.

We agree with the Supreme Court that the plaintiffs failed to sustain their burden of establishing that the court possessed personal jurisdiction over the defendant Ernest Nagy. The gravamen of the plaintiffs' complaint is that Nagy

breached his employment contract and committed various acts of malfeasance in his capacity as the Indiana-based President of Riblet Products Corporation, a Delaware corporation having its headquarters in Elkhart, Indiana.

It is well settled that in order for a court to exercise personal jurisdiction over a defendant, the defendant must have "certain minimum contacts with [the forum State] such that the maintenance of suit does not offend 'traditional notions of fair play and substantial justice' " (*International Shoe Co. v Washington,* 326 US 310, 316, quoting from *Milliken v Meyer,* 311 US 457, 463). Further, "an essential criterion in all cases is whether the 'quality and nature' of the defendant's activity is such that it is 'reasonable' and 'fair' to require him to conduct his defense in that State" (*Kulko v California Superior Ct.,* 436 US 84, 92, quoting from *International Shoe Co. v Washington, supra,* at 316-317; *see also, Kruetter v McFadden Oil Corp.,* 71 NY2d 460, 467). Although New York is a "single contact" State (*Kruetter v McFadden Oil Corp., supra,* at 467), "physical presence alone cannot talismatically transform any and all business dealings into business transactions under CPLR 302 (subd [a], par [1])" (*Presidential Realty Corp. v Michael Sq. W.,* 44 NY2d 672, 673).

We cannot say that the court erred in granting the defendant's motion to dismiss based upon the absence of personal jurisdiction inasmuch as the record fails to establish any substantial or meaningful connection between the alleged malfeasance committed by the defendant in Indiana and the State of New York. Nor have the plaintiffs shown, with respect to the claims underlying their lawsuit, that the defendant has purposely "availed himself of the privilege of conducting activities in this State, thus invoking the benefits and protections of our laws" (*Abbate v Abbate* 82 AD2d 368, 383, citing from *Hansen v Denckla,* 357 US 235, 253; *cf., Reiner & Co. v Schwartz,* 41 NY2d 648). Accordingly, the defendant's motion to dismiss was properly granted. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.