■ COMJET AVIATION MANAGEMENT LLC, Appellant, v AVIATION INVESTORS HOLDINGS LTD. et al., Respondents. [758 NYS2d 607] —Order, Supreme Court, New York County (Marilyn Shafer, J.), entered on or about August 28, 2002, which, inter alia, granted defendants' motion to dismiss the complaint for lack of jurisdiction, unanimously affirmed, with costs.

Plaintiff concedes that there is no jurisdictional basis for this action unless it can enforce the forum selection clauses of certain loan or pledge agreements. Although plaintiff is not a party to those agreements, it claims it may enforce them as a third-party beneficiary. Plaintiff, however, is, at most, an incidental beneficiary of those agreements (*see Fourth Ocean Putnam Corp. v Interstate Wrecking Co.*, 66 NY2d 38, 43-46 [1985]), and thus may not enforce their forum selection clauses.

Nor are the management agreements, to which plaintiff is a party, part of a single "global transaction" including the agreements containing the forum selection clauses upon which plaintiff seeks to rely. The various agreements said to constitute the "global transaction" were entered into by different parties for different purposes, and contain only passing reference to each other (*cf. Indosuez Intl. Fin. v National Reserve Bank*, 98 NY2d 238, 246-248 [2002]). Finally, because plaintiff has only an arm's-length relationship with defendants, and no relationship with the bank, it cannot enforce the forum selection clauses in the loan or pledge agreements on the ground that it is "closely related" to a signatory (*cf. Direct Mail Prod. Servs. Ltd. v MBNA Corp.*, 2000 WL 1277597, *3-5, 2000 US Dist LEXIS 12945, *7-14 [SD NY, Sept. 7, 2000]). Concur—Mazzarelli, J.P., Sullivan, Ellerin, Friedman and Gonzalez, JJ.