■ PT. Bank Mizuho Indonesia, Appellant, v PT. Indah Kiat Pulp & Paper Corporation et al., Respondents. [808 NYS2d 72]—

Judgment, Supreme Court, New York County (Helen E. Freedman, J.), entered May 4, 2005, dismissing the complaint, unanimously affirmed, with costs.

Construing the indenture agreements entered into between defendant Indah Kiat International Finance and nonparty BankAmerica National Trust as trustee, and defendant PT. Indah Kiat Pulp & Paper as guarantor, so as to give full meaning and effect to their material provisions (*see Excess Ins. Co. Ltd. v Factory Mut. Ins. Co.*, 3 NY3d 577, 582 [2004]), the court properly determined that plaintiff failed to demonstrate New York jurisdiction over these defendants. Plaintiff does not allege that defendants committed a tort within this state, or without the state causing injury here (*see* CPLR 302 [a] [2]; [3]). Nor does plaintiff allege that defendants "transact[ed] any business within the state or contract[ed] anywhere to supply goods or services in the state" (CPLR 302 [a] [1]), or that the cause of action arising out of this transaction otherwise invoked the jurisdiction of our courts (*see Holness v Maritime Overseas Corp.*, 251 AD2d 220, 224 [1998]). Nor is there any indication that defendants are "doing business" in New York (CPLR 302 [a] [3]) through the establishment of a "presence" here (*Landoil*

*Resources Corp. v Alexander & Alexander Servs.*, 77 NY2d 28, 33 [1990]), such as by incorporating in New York, keeping a principal place of business in New York, keeping their records in New York or scheduling their meetings here (*see e.g. Broida v Bancroft*, 103 AD2d 88 [1984]).

Nor can plaintiff find any language in the security documents to which it was a party showing that the parties intended it could pursue claims against defendants in New York; it cannot take advantage of any language in the indenture agreements, since it was not a party to them. Occasionally, parties to a global transaction who are not signatories to a specific agreement within that transaction may nonetheless benefit from a selection clause contained in such agreement. Here, however, the indenture agreements and the security documents were not executed at the same time, by the same parties or for the same purpose (*cf. BWA Corp. v Alltrans Express U.S.A.*, 112 AD2d 850, 852 [1985]). Thus, the fact that the security documents reference the indenture agreements does not alone warrant a different outcome (*see ComJet Aviation Mgt. v Aviation Invs. Holdings*, 303 AD2d 272 [2003]).

More significantly, plaintiff's assertion that it was a third-party beneficiary of the indenture agreements is demonstrably negated by the explicit language in section 11.2 of the indentures, precluding anyone other than the parties thereto, their successors or noteholders from enforcing its terms.

The IAS court may have used an outdated, more narrow standard in determining that plaintiff could not show third-party beneficiary status because it was unable to show that *only* it could recover for the promisor's breach of contract or that the contract explicitly permitted the third party to enforce it (*see Artwear, Inc. v Hughes*, 202 AD2d 76, 82 [1994]). However, that circumstance does not avail plaintiff under the newer standard articulated by the Court of Appeals in *State of Cal. Pub. Employees' Retirement Sys. v Shearman & Sterling* (95 NY2d 427, 434-435 [2000]), which comports with the Restatement (Second) of Contracts § 302, and requires a clear intention to confer the benefit of the promised performance.

We have considered and rejected plaintiff's remaining claims concerning jurisdiction. We also agree with defendants that forum non conveniens would warrant dismissal of this action in any event, since, among other things, resolution of plaintiffs' claims would involve consideration of Indonesian law, and this case has virtually no nexus with New York (*see Shin-Etsu Chem. Co., Ltd. v ICICI Bank Ltd.*, 9 AD3d 171, 176 [2004]). Concur—Buckley, P.J., Tom, Sullivan, Nardelli and McGuire, JJ.