■ Lisa Marie, Appellant, v David R. Altshuler et al., Respondents, et al., Defendant. [817 NYS2d 261]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered on or about May 10, 2005, which, to the extent appealed from as limited by the brief, granted the motion of defendants Altshuler, Doh and Digital Builders, Inc. to dismiss the complaint as against them for lack of jurisdiction, unanimously affirmed, with costs.

In this action to, inter alia, rescind three written agreements between former romantic and business companions, in which plaintiff seeks specific performance of an alleged prior oral agreement on the ground that the later agreements were induced by fraud, plaintiff failed to carry her burden of asserting facts warranting a finding of long-arm jurisdiction (*see PT. Bank Mizuho Indonesia v PT. Indah Kiat Pulp & Paper Corp.*, 25 AD3d 470 [2006]; *Lamarr v Klein*, 35 AD2d 248, 250 [1970], *affd* 30 NY2d 757 [1972]) or to demonstrate a "sufficient start" to obtain jurisdictional discovery (*see generally Peterson v Spartan Indus.*, 33 NY2d 463, 467 [1974]). The New York cooperative apartment that is a main focus of the dispute between plaintiff and defendant Burton did not provide a basis for jurisdiction under CPLR 302 (a) (4), since the action does not directly implicate its ownership, possession or use. Even if the written agreements are rescinded, and the alleged oral agreement enforced, it is not alleged that the oral agreement requires that the property be transferred to plaintiff. Nor did defendants' telephone calls, facsimile transmission and e-mails provide a basis for jurisdiction under CPLR 302 (a) (1). In the face of defendants' averments that they had only plaintiff's California cell phone number and were unaware she resided in New York during the relevant period, plaintiff failed to aver that defendants' communications to her had actual physical destinations in New York, much less did she respond to their averments with documentary evidence, such as telephone bills or fax cover sheets (*cf. Parke-Bernet Galleries v Franklyn*, 26 NY2d 13 [1970]). Moreover, plaintiff's failure to specify the content of the communications upon which she relied rendered her allegations insufficient to demonstrate an "articulable nexus between the business transacted and the cause of action sued upon" (*McGowan v Smith*, 52 NY2d 268, 272 [1981]). Plaintiff's attempt to premise jurisdiction on an alleged conspiracy to commit tortious acts having an effect in New York (CPLR 302 [a] [2]) fails to set forth that the out-of-state alleged conspirators were aware that their conduct would have an effect in New York (*see Laborers Local 17 Health & Benefit Fund v Philip Morris, Inc.*, 26 F Supp 2d 593, 602 [SD NY 1998]) or articulate what facts might be unearthed in discovery to support such an allegation. The motion court properly rejected plaintiff's argument that there is New York jurisdiction based on the situs of the alleged injury under CPLR 302 (a) (3) (*see O'Brien v Hackensack Univ. Med. Ctr.*, 305 AD2d 199, 201-202 [2003]); the situs was in California. Contrary to plaintiff's contention, the rule that the situs of the injury for long-arm purposes is where the event giving rise to the injury occurred, not where the resultant damages occurred,

is not restricted to medical malpractice or personal injury cases (*see American Eutectic Welding Alloys Sales Co. v Dytron Alloys Corp.*, 439 F2d 428, 432-433 [2d Cir 1971]).

We have considered plaintiff's other contentions and find them unavailing. Concur—Buckley, P.J., Tom, Saxe, Sullivan and Williams, JJ.