■ Cem Cengiz Uzan, Appellant, v Telsim Mobil Telekomunikasyon Hizmetleri A.S. et al., Respondents. [856 NYS2d 625]—

Judgment, Supreme Court, New York County (Charles E. Ramos, J.), entered November 14, 2007, in defendants' favor, unanimously affirmed, with costs.

Plaintiff—a shareholder and former officer of defendant Telsim (a Turkish telecommunications company)—was one of the defendants in *Motorola Credit Corp. v Uzan* (274 F Supp 2d 481 [SD NY 2003], *affd in part and vacated in part* 388 F3d 39 [2d Cir 2004], *cert denied* 544 US 1044 [2005]), wherein a very large judgment was entered against him. He brought the instant action against Telsim for contribution and indemnification, asserting various tort claims against the remaining defendants (the Telsim directors).

The motion court properly dismissed this action for lack of personal jurisdiction (*see* CPLR 3211 [a] [8]). Plaintiff contends that New York has general jurisdiction over Telsim (CPLR 301), and hence, the relevant time period is "the time when the action was commenced" (*Lancaster v Colonial Motor Frgt. Line*, 177 AD2d 152, 156 [1992]). Most of the points on which plaintiff relies, such as Telsim's defense of an action in United States District Court for the Southern District of New York and its negotiation of a loan with the New York branch of a Swiss bank, predate the commencement of this action. Simply defending an action does not constitute "doing business" (Business Corporation Law § 1301 [b] [1]; *see Andros Cia. Maritima S.A. v Intertanker Ltd.*, 714 F Supp 669, 675 [SD NY 1989]). The equipment purchase and finance agreements that Telsim entered into predate this action, and they have nothing to do with New York: the other parties were non-New York corporations, the agreements were for the purchase of equipment to be used in Turkey, governed by Swiss law, and called for arbitration in Switzerland. Plaintiff does not allege when Telsim entered into roaming agreements, nor does he allege any connection with New York. In any event, roaming agreements do not constitute doing business for the purpose of conferring general jurisdiction (*see Estate of Ungar v Palestinian Auth.*, 400 F Supp 2d 541, 551 [SD NY 2005]). In sum, plaintiff has failed to show that as of the commencement of this action, Telsim was engaged in "a continuous and systematic course of 'doing business'" in this state (*see Landoil Resources Corp. v Alexander & Alexander Servs.*, 77 NY2d 28, 33 [1990]).

Plaintiff contends that New York has specific (i.e., long-arm) jurisdiction over the remaining defendants pursuant to CPLR 302 (a) (3) (ii). He claims he was injured within this state when the Telsim directors prevented him from satisfying the *Motorola* judgment by procuring an order of the Southern District Court for his arrest should he enter the state. This argument has two flaws. First, "the situs of the injury for long-arm purposes is where the event giving rise to the injury occurred, not where the resultant damages occurred" (*Marie v Altshuler*, 30 AD3d 271, 272 [2006]). The Telsim directors' post-August 2005 refusal to grant a constructive trust over Telsim's shares occurred in Turkey, not New York. Second, the federal court did not order plaintiff arrested as a result of the Telsim directors' actions; that order was based partly on the litigation activities of plaintiff and his family in Turkey (*see Motorola*, 274 F Supp 2d 481 [2003]; *Motorola Credit Corp. v Uzan*, 2003 WL 56998, 2003 US Dist LEXIS 111 [SD NY 2003]). To the extent the arrest order was based on plaintiff's failure to deposit certain Telsim shares into the court's registry, it was on May 9, 2002 that the court ordered plaintiff to deposit the shares (*see Motorola Credit Corp. v Uzan*, 322 F3d 130, 134 [2d Cir 2003]), the arrest order was issued on July 31, 2003 (*see Motorola*, 274 F Supp 2d 481, 582 [2003]), and the Telsim directors were not appointed until February 2004.

In light of our disposition, we need not reach the parties' remaining arguments. Concur—Lippman, P.J., Mazzarelli, Sweeny, Moskowitz and Renwick, JJ. [*See* 2007 NY Slip Op 33539(U).]