In an action to recover damages for personal injuries based on products liability and medical malpractice, the defendants Misonix, Inc., and Focus Surgery, Inc., separately appeal, as limited by their respective briefs, from so much of an order of *1005 the Supreme Court, Queens County (O’Donoghue, J.), dated March 17, 2011, as denied those branches of their respective motions which were pursuant to CPLR 3211 (a) (1) and CPLR 327 to dismiss the complaint insofar as asserted against each of them based upon a forum selection clause contained in an agreement and forum non conveniens, and the plaintiff cross-appeals, as limited by his brief, from so much of the same order as granted that branch of the motion of the defendants US HIFU, LLC, and International HIFU, LLC, which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint insofar as asserted against them based upon the forum selection clause.
Ordered that the order is affirmed insofar as appealed from; and it is further,
Ordered that the order is reversed insofar as cross-appealed from, on the law, and that branch of the motion of the defendants US HIFU, LLC, and International HIFU, LLC, which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint insofar as asserted against them based upon the forum selection clause is denied; and it is further,
Ordered that one bill of costs is awarded to the plaintiff, payable by the appellants-respondents and the respondents.
The plaintiff alleges that he sustained personal injuries in April 2008 as a result of undergoing treatment for prostate cancer using a medical device called the Sonablate 500 (hereinafter the Sonablate), which administers high intensity, focused ultrasound. The treatment was rendered at a facility called Can-Am HIFU, which is located in Toronto, Ontario, Canada. The Sonablate is approved for use in Canada, but has not yet received approval in the United States. The plaintiffs treating physician for this procedure was Jack Barkin, who is a limited partner of Toronto HIFU, L.P, which established the Can-Am HIFU treatment center in Toronto. HIFU Canada Corporation is a partner in Toronto HIFU, L.P, and a wholly owned subsidiary of USHIFU Canada Holdings, Inc. USHIFU Canada Holdings, Inc., is, in turn, a wholly owned subsidiary of the defendant US HIFU, LLC, and the defendant International HIFU, LLC, is a wholly owned subsidiary of US HIFU, LLC. The plaintiff allegedly learned of the Sonablate procedure through the websites of the defendants US HIFU, LLC, and International HIFU, LLC (hereinafter together the HIFU defendants), and thereafter exchanged paperwork and remitted payment to the defendant US HIFU, LLC, at its place of business in North Carolina prior to receiving the treatment. The defendants Focus Surgery, Inc. (hereinafter Focus Surgery), and Misonix, Inc. *1006 (hereinafter Misonix), allegedly designed, manufactured, distributed, and/or sold the Sonablate.
The HIFU defendants, Focus Surgery, and Misonix separately moved to dismiss the complaint insofar as asserted against each of them pursuant to, inter alia, CPLR 3211 (a) (1). The movants argued, inter alia, that the action should be dismissed because the plaintiff executed a forum selection agreement in April 2008 (hereinafter the agreement) whereby he agreed, inter alia, that the courts of the Province of Ontario would have exclusive jurisdiction to hear any claim “whatsoever arising out of the treatment” rendered to him at Can-Am HIFU, and that any legal proceeding would be commenced only in the Province of Ontario. In opposition, the plaintiff argued that the agreement could not be enforced by the defendants because they were not signatories thereto. He further argued that the agreement was invalid because it was unreasonable, unjust, and constituted a contract of adhesion. The Supreme Court concluded that the agreement was valid, but that it could only be enforced by the HIFU defendants. Accordingly, the Supreme Court granted that branch of the HIFU defendants’ motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1) insofar as asserted against them based on the forum selection clause.
The Supreme Court correctly concluded that the agreement was prima facie valid and enforceable, since the plaintiff did not demonstrate that it was “ ‘unreasonable, unjust, in contravention of public policy, invalid due to fraud or overreaching, or . . . that a trial in the selected forum would be so gravely difficult that the challenging party would, for all practical purposes, be deprived of its day in court’ ” (Stravalle v Land Cargo, Inc., 39 AD3d 735, 736 [2007], quoting LSPA Enter., Inc. v Jani-King of N.Y., Inc., 31 AD3d 394, 395 [2006]; see Harry Casper, Inc. v Pines Assoc., L.P., 53 AD3d 764, 765 [2008]; Fleet Capital Leasing/Global Vendor Fin. v Angiuli Motors, Inc., 15 AD3d 535 [2005]). However, dismissal under CPLR 3211 (a) (1) is warranted only where “the documentary evidence utterly refutes plaintiffs factual allegations, conclusively establishing a defense as a matter of law” (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; see Symbol Tech., Inc. v Deloitte & Touche, LLP, 69 AD 3d 191, 198-199 [2009]). As a general rule, “only parties in privity of contract may enforce terms of the contract such as a forum selection clause found within the agreement” (Freeford Ltd. v Pendleton, 53 AD3d 32, 38 [2008]; see ComJet Aviation Mgt. v Aviation Invs. Holdings, 303 AD2d 272 [2003]). “[T]here are three sets of circumstances under which a nonparty may invoke a forum selection clause: ... an *1007 entity or individual that is a third-party beneficiary of the agreement may enforce a forum selection clause found within the agreement . . . parties to a ‘global transaction’ who are not signatories to a specific agreement within that transaction may nonetheless benefit from a forum selection clause contained in such agreement. . . [and] a nonparty that is ‘closely related’ to one of the signatories can enforce a forum selection clause” (Freeford Ltd. v Pendleton, 53 AD3d at 38-39 [citations omitted]; see Bernstein v Wysoki, 77 AD3d 241, 251 [2010]).
In the case at bar, the defendants’ separate motions, inter alia, seeking dismissal of the complaint pursuant to CPLR 3211 (a) (1) are based upon a forum selection agreement which was not signed by any of them. Indeed, the agreement was executed only by the plaintiff, although it also contains the signature of an employee of Can-Am HIFU who signed in a witness capacity. Under these circumstances, the defendants clearly were not in privity with the plaintiff under the agreement. In addition, the defendants do not fall within any of the three exceptions to the privity requirement for enforcement of a forum selection clause. In particular, we note that the agreement was not signed by Barkin, the physician whom the Supreme Court found had a “sufficiently close” relationship with the HIFU defendants so as to permit them to enforce the agreement (Bernstein v Wysoki, 77 AD3d at 251). Accordingly, the defendants were not entitled to dismissal of the complaint pursuant to CPLR 3211 (a) (1) based upon the forum selection clause.
The Supreme Court providently exercised its discretion in denying those branches of the separate motions of Focus Surgery and Misonix which sought to dismiss the complaint insofar as asserted against each of them based upon forum non conveniens. The factors to be considered in adjudicating such a motion, including the residency of the parties and whether a New York court will be burdened by the litigation, were duly considered by the Supreme Court, and do not militate in favor of dismissing the complaint insofar as asserted against those defendants (see Prestige Brands, Inc. v Hogan & Hartson, LLP, 65 AD3d 1028 [2009]; see also Islamic Republic of Iran v Pahlavi, 62 NY2d 474, 479 [1984], cert denied 469 US 1108 [1985]). Accordingly, this Court will not disturb the Supreme Court’s exercise of discretion (see Koskar v Ford Motor Co., 84 AD3d 1317 [2011]). Mastro, A.P.J., Balkin, Sgroi and Cohen, JJ., concur.