■ MARCIO MAGDALENA, Respondent, v EDUARDO LINS et al., Appellants. [999 NYS2d 44]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered February 28, 2014, which, to the extent appealed from as limited by the briefs, denied defendants' motion to dismiss the complaint for lack of personal jurisdiction and on forum non conveniens grounds, unanimously reversed, on the law, with costs, and the motion granted on the ground of lack of personal jurisdiction. The Clerk is directed to enter judgment accordingly.

The court erroneously concluded that the parties had consented to jurisdiction in New York based on a forum selection clause. It appears that the court conflated the oral fee sharing agreement between the parties (the fee sharing agreement), which is the subject of the instant lawsuit and which contains no consent or forum selection provision, with a separate written fee sharing agreement between defendant Glendun Point S.A. and an entity that is not a party to this lawsuit (the non-circumvention agreement), which contains the forum selection provision the court cited. Since plaintiff is neither a party to the

non-circumvention agreement, which pre-dates the fee sharing agreement at issue, nor an intended third party beneficiary of that agreement, he cannot enforce its forum selection clause against defendants (*see ComJet Aviation Mgt. v Aviation Invs. Holdings*, 303 AD2d 272 [1st Dept 2003]; *see also PT. Bank Mizuho Indonesia v PT. Indah Kiat Pulp & Paper Corp.*, 25 AD3d 470 [1st Dept 2006]).

There is no other basis for jurisdiction over either defendant. Among other things, there is no basis for general jurisdiction pursuant to CPLR 301, since Glendun is not incorporated in New York and does not have its principal place of business in New York (*see Daimler AG v Bauman*, 571 US —, 134 S Ct 746, 760 [2014]). Similarly, no jurisdiction lies pursuant to CPLR 301 over Glendun's founder, defendant Eduardo Lins. While Lins, a Brazilian national, owns an apartment in New York, he is not domiciled there. His daughters regulary reside there. Lins resides and is domiciled in Uruguay; New York is not his domicile (*id.*). Plaintiff cites insufficient facts to demonstrate any other basis for general jurisdiction over either defendant.

Nor is there any basis for long-arm jurisdiction (CPLR 302 [a] [1]). The record shows that the parties negotiated and executed the fee sharing agreement while they were out of the country, and it is not alleged that the agreement was performed or breached in New York. Thus, no part of the transaction at issue occurred in New York (*see Copp v Ramirez*, 62 AD3d 23, 28-29 [1st Dept 2009], *lv denied* 12 NY3d 711 [2009]; *Finesurgic Inc. v Davis*, 148 AD2d 414 [2d Dept 1989], *lv dismissed in part, denied in part* 74 NY2d 781 [1989]; *see also Fischbarg v Doucet*, 9 NY3d 375, 380 [2007]).

As there is no jurisdiction over defendants, we do not reach the forum non conveniens issue (*see Wyser-Pratte Mgt. Co., Inc. v Babcock Borsig AG.*, 23 AD3d 269 [1st Dept 2005]). Concur—Mazzarelli, J.P., Andrias, Manzanet-Daniels, Feinman and Gische, JJ.