■ ZEV AUSCH, Respondent, v JESSE SUTTON et al., Appellants. [57 NYS3d 185]—

In an action, inter alia, to recover damages for breach of contract, the defendants separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated March 13, 2015, as denied their separate motions pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against each of them.

Ordered that the order is reversed, on the law, with one bill of costs, and the defendants' separate motions pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against each of them are granted.

The plaintiff commenced this action against Jesse Sutton, Yair Goldfinger, and Gili Lisani (hereinafter collectively the defendants) seeking to enforce an oral agreement that he contends he entered into with the defendants. According to the plaintiff, he brokered a deal for a company owned by Sutton to acquire Goldfinger's interest in a company which had been owned by Goldfinger and Lisani (hereinafter the Purchase Agreement). The plaintiff alleged that the defendants all agreed that, upon entering into the Purchase Agreement, they would pay him a commission for his role in arranging the transaction, and then failed to do so. The defendants separately moved pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against each of them.

The Supreme Court should have granted that branch of Lisani's motion which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. Accepting as true the allegations set forth in the complaint and in the plaintiff's opposition to the motion, and according the plaintiff every favorable inference, the plaintiff failed to establish, prima facie, that the Supreme Court was able to exercise jurisdiction over Lisani, who is not a resident of New York, since Lisani's minimal contact with New York is insufficient for long-arm jurisdiction (*see Paterno v Laser Spine Inst.*, 24 NY3d 370, 376-377 [2014]; *Bloomgarden v Lanza*, 143 AD3d 850, 851-852 [2016]; *Riblet Prods. Corp. v Nagy*, 191 AD2d 626, 626 [1993]). Contrary to the plaintiff's contention, Lisani's consent to jurisdiction in New York for issues arising out of the Purchase Agreement does not constitute a consent to jurisdiction with respect to the plaintiff's claims for a commission (*see e.g. Magdalena v Lins*, 123 AD3d 600, 600-601 [2014]; *ComJet Aviation Mgt. v Aviation Invs. Holdings*, 303 AD2d 272, 272-273 [2003]).

The Supreme Court should have granted those branches of the separate motions of Sutton and Goldfinger which were pursuant to CPLR 3211 (a) (5) to dismiss the causes of action alleging breach of contract and unjust enrichment, and for quantum meruit, insofar as asserted against each of them, as the statute of frauds precludes enforcement of an oral agreement, as well as any claim asserted under a contract implied in fact or in law, for compensation in negotiating a business opportunity (*see* General Obligations Law § 5-701 [a] [10]; *Snyder v Bronfman*, 13 NY3d 504, 510 [2009]; *Freedman v Chemical Constr. Corp.*, 43 NY2d 260, 267 [1977]). In addition, the fraud cause of action should have been dismissed pursuant to CPLR 3211 (a) (7) for failure to state a cause of action (*see Yenrab, Inc. v 794 Linden Realty, LLC*, 68 AD3d 755, 757-758 [2009]).

Accordingly, the Supreme Court should have granted the defendants' separate motions pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against each of them. Hall, J.P., Sgroi, Maltese and Duffy, JJ., concur.