Albright v Combe Inc. (2020 NY Slip Op 00837)





Albright v Combe Inc.


2020 NY Slip Op 00837


Decided on February 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-09541
 (Index No. 68906/17)

[*1]Kenneth Albright, et al., appellants, et al., plaintiffs,
v
Combe Incorporated, et al., respondents.


Squitieri & Fearon, LLP, New York, NY (Stephen J. Fearon, Jr., of counsel), for appellants.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries based on products liability and negligence, the plaintiffs Kenneth Albright, Anton Allen, Richard Anderson, Robert Brown, Greg Coleman, Edgar Daye, Jonathan R. Donelson, Abel Edwards, Bruce Gaker, Lamont Hawkins, Lee J. Henry, Joseph Jones, Howard Luster, Richard Nast, David Saffold, Dino Simonetti, Reginald Smith, Marvin Washington, and Everett Wesley appeal from an order of the Supreme Court, Westchester County (Helen M. Blackwood, J.), dated July 10, 2018. The order, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 327(a) to dismiss the complaint insofar as asserted by those plaintiffs on the ground of forum non conveniens.
ORDERED that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and that branch of the defendants' motion which was pursuant to CPLR 327(a) to dismiss the complaint insofar as asserted by the plaintiffs Kenneth Albright, Anton Allen, Richard Anderson, Robert Brown, Greg Coleman, Edgar Daye, Jonathan R. Donelson, Abel Edwards, Bruce Gaker, Lamont Hawkins, Lee J. Henry, Joseph Jones, Howard Luster, Richard Nast, David Saffold, Dino Simonetti, Reginald Smith, Marvin Washington, and Everett Wesley is denied.
The plaintiffs are 21 individuals who allege that they sustained injuries from using Just For Men hair dyes and products. Only two of the plaintiffs, William Haines and Jeremiah Johnson, are residents of New York. The remaining 19 plaintiffs reside in other states (hereinafter the nonresident plaintiffs). The defendants, Combe Incorporated and Combe Products, Inc., are alleged to be corporations involved in the design, development, manufacture, testing, packaging, promotion, marketing, distribution, labeling, and/or sale of Just For Men hair dyes and products. Combe Incorporated is a Delaware corporation with a principal place of business in White Plains, New York. Combe Products, Inc., is a Delaware corporation with a principal place of business in Puerto Rico.
The plaintiffs commenced this action in the Supreme Court, Westchester County, to recover damages for injuries they allegedly sustained from using Just For Men hair dyes and products. The defendants moved, inter alia, pursuant to CPLR 327(a) to dismiss the complaint insofar as asserted by the nonresident plaintiffs on the ground of forum non conveniens, based upon an attorney's affirmation asserting no facts other than that the nonresident plaintiffs were out-of-state residents and memoranda of law. The court granted that branch of the defendants' motion which [*2]was pursuant to CPLR 327(a) to dismiss the complaint insofar as asserted by the nonresident plaintiffs on the ground of forum non conveniens. The nonresident plaintiffs appeal.
"The doctrine of forum non conveniens permits a court to dismiss an action when, although it may have jurisdiction over a claim, the court determines that in the interest of substantial justice the action should be heard in another forum'" (National Bank & Trust Co. of N. Am. v Banco De Vizcaya, 72 NY2d 1005, 1007, quoting CPLR 327[a]). The burden was on the defendants to show that "considerations relevant to private or public interest militate against accepting or retaining the litigation" (Matter of OxyContin II, 76 AD3d 1019, 1021). Factors to consider are the residency of the parties, potential inconvenience to proposed witnesses, especially nonparty witnesses, availability of an alternative forum, the situs of the actionable events, the location of the evidence, and the burden that retaining the case would have on New York courts (see Wild v University of Pa., 115 AD3d 944, 945-946).
Here, the defendants asserted no facts other than that the nonresident plaintiffs were out-of-state residents. The defendants did not meet their burden of proof on the issue of convenience of the witnesses, since, among other things, there was no statement as to whom the witnesses are and where they reside. Moreover, Just For Men's design, manufacturing, labeling, advertising, and executive decision-making all allegedly occurred in White Plains, where Combe Incorporated has a principal place of business. Further, there is no per se rule stating that out-of-state plaintiffs cannot, on the ground of forum non conveniens, sue in New York based upon products liability (see May v US HIFU, LLC, 98 AD3d 1004), despite the fact that evidence of damages would most often be found where the plaintiff resides.
Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was pursuant to CPLR 327(a) to dismiss the complaint insofar as asserted by the nonresident plaintiffs.
BALKIN, J.P., HINDS-RADIX, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court