Ladder Capital Fin. LLC v Portfolio Hotels, LLC (2021 NY Slip Op 05630)





Ladder Capital Fin. LLC v Portfolio Hotels, LLC


2021 NY Slip Op 05630


Decided on October 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 14, 2021

Before: Gische, J.P., Moulton, González, Kennedy, Scarpulla, JJ. 


Index No. 650703/20 Appeal No. 14366 Case No. 2020-05025 

[*1]Ladder Capital Finance LLC, Plaintiff, 1250 north SD, LLC, et al., Plaintiffs-Appellants,
v
Portfolio Hotels, LLC, Defendant-Respondent.


Polsinelli PC, New York (Bradley Robert Gardner of counsel), for appellants.
Fox Rothschild LLP, New York (Mitchell Berns of counsel), for respondent.



Order, Supreme Court, New York County (Andrea Masley, J.), entered on or about December 17, 2020, which, to the extent appealed from, granted defendant's motion to dismiss the cause of action for breach of a management agreement, unanimously affirmed, with costs.
Under the plain language of the management agreement between defendant and plaintiffs 1250 North SD, LLC and San Diego Hotel Circle Owner, LLC (collectively Owner), Owner's cause of action for breach of that agreement is subject to mandatory arbitration and cannot be joined with the claim by plaintiff Ladder Capital Finance LLC. The exception to arbitration in the management agreement governs third-party lawsuits related to the management agreement between Owner and defendant, not claims relating to the subordination agreement between Ladder and defendant.
Even if the exception to arbitration could be invoked, Supreme Court lacked subject matter jurisdiction (CPLR 3211[a][2]). The management agreement requires litigation arising under that agreement to be brought in California, not in New York, and to apply North Carolina law. Personal jurisdiction was also lacking, based on the complaint's allegation that defendant was an Illinois limited liability company that was neither formed nor headquartered in New York (CPLR 301; Magdalena v Lins, 123 AD3d 600, 601 [1st Dept 2014]). Nor does Owner allege in the complaint that its claim arose from the transaction of business in New York so as to establish long-arm jurisdiction (CPLR 302[a]; see D&R Global Selections, S.L. v Bodega Olegario Falcon Pineiro, 29 NY3d 292, 297 [2017]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 14, 2021