| |
|---|
| **JMRNNY Doe v Opus Dei** |
| 2024 NY Slip Op 31998(U) |
| June 10, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 951154/2021 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. HASA A. KINGO

_Justice_

PART          5M

-----------------------------------------------------------------------------X

JMRNNY DOE,

Plaintiff,

- v -

OPUS DEI, OAKCREST SCHOOL, C. JOHN MCCLOSKEY

Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 951154/2021 |
| MOTION DATE | 11/15/2021 |
| MOTION SEQ. NO. | 002 |

## DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 002) 22, 23, 24, 25, 26, 27, 33, 35, 37, 39, 40, 41, 42, 43, 44, 45, 52, 54, 57, 59

were read on this motion to/for                              DISMISSAL                              .

With the instant motion Defendant Oakcrest School ("Oakcrest") moves, pursuant to CPLR § 3211(a)(8), to dismiss Plaintiff JMRNNY DOE's ("Plaintiff") complaint as against it for lack of jurisdiction. Plaintiff opposes the motion. For the reasons discussed herein, the motion is denied.

## BACKGROUND AND ARGUMENTS

Plaintiff alleges that she endured sexual abuse by Defendant, John McCloskey ("McCloskey"), while attending Oakcrest in 2003, at which time she was approximately eight years old. Plaintiff further asserts that in 2002, McCloskey assaulted other women, including her mother. According to Plaintiff, her mother lodged complaints with Defendants concerning McCloskey's conduct. Despite these complaints, Plaintiff claims that Defendants failed to take measures to prevent McCloskey from engaging in further misconduct and instead placed him in a school environment.

Plaintiff further recounts learning of another incident in 2002 wherein McCloskey abused another student. She contends that Defendants possessed knowledge of McCloskey's proclivity for sexually abusing students dating back to the 1980s. Plaintiff argues that had Defendants Opus Dei and Oakcrest undertaken appropriate actions following the 2002 incidents of abuse, she would not have suffered while attending Oakcrest. Consequently, Plaintiff maintains that Defendants Opus Dei and Oakcrest bear liability for McCloskey's actions.

In support of the instant motion, Oakcrest contends that this court lacks general jurisdiction over it pursuant to CPLR § 301, as Oakcrest is neither organized under New York law nor headquartered within this State. Oakcrest asserts that it is a not-for-profit school, incorporated in the District of Columbia and located in Virginia, and that it performs no services in New York. Consequently, Oakcrest maintains that it is not "at home" in New York, and thus, Plaintiff cannot establish general personal jurisdiction over it. Oakcrest further argues that the only basis for

951154/2021   DOE, JMRNNY vs. OPUS DEI ET AL
Motion No. 002

Page 1 of 4

jurisdiction pursuant to CPLR § 301, as alleged in the complaint, pertains to Opus Dei, which purportedly has an office in New York. However, Oakcrest argues that the presence of an office of an unrelated entity does not confer general jurisdiction over Oakcrest.

Moreover, Oakcrest asserts that while the complaint does not invoke specific jurisdiction under CPLR § 302 as a basis for maintaining this action in New York courts, such specific jurisdiction would be equally unavailing. Oakcrest contends that the absence of any substantive connection between Oakcrest, Opus Dei, and the underlying allegations is clearly delineated in the affidavit of Matthew Buonocore, which Plaintiff cannot credibly dispute. Therefore, Oakcrest argues that the court lacks a valid basis to exercise jurisdiction over it, necessitating the dismissal of all claims against Oakcrest.

In opposition to the motion, Plaintiff emphasizes that the decision to place McCloskey in the school where she was subsequently sexually abused was made in New York by Defendants Opus Dei and Oakcrest. Plaintiff argues that Defendants' negligence occurred in New York, leading to her abuse by Defendants' agent, servant, and/or employee. Plaintiff further asserts that Oakcrest has failed to disclose that she was a student at the school during the period of abuse and points to the school's website, which indicates that it is "guided by" Opus Dei. Consequently, Plaintiff argues that the facts overwhelmingly support that this case should not be dismissed as to Oakcrest and that dismissal would be premature at this stage without the benefit of discovery.

## DISCUSSION

In 2019, New York State enacted the Child Victims Act which, *inter alia*, (1) extended the statute of limitations on criminal cases involving certain sex offenses against children under 18 (CPL § 30.10 [f]); (2) extended the time which civil actions based upon such criminal conduct may be brought until the child victim reaches 55 years old (*see* CPLR § 208[b]); and (3) opened a one – year window reviving civil actions for which the statute of limitations has already run (even in cases that were litigated and dismissed on limitations grounds), commencing six months after the effective date of the measure, i.e. August 14, 2019 (*see* CPLR § 214-g).

"On a motion to dismiss pursuant to CPLR § 3211, the pleading is to be afforded a liberal construction. We accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*see Leon v. Martinez*, 84 NY2d 83 [1994]).

Pursuant to CPLR § 3211(a)(8), "[a] party may move for judgment dismissing one or more causes of action asserted against him on the ground that ... the court has no jurisdiction of the person of the defendant."

The court can exercise either general or specific jurisdiction over a defendant (*see* CPLR §§ 301, 302). General jurisdiction occurs when a defendant is present in New York, either by virtue of being headquartered in the state or maintaining a principal place of business in the state (*see Magdalena v. Lins*, 123 AD3d 600, 601 [1st Dept 2014]). New York courts can exercise general jurisdiction over subsidiaries, and vice versa, if several factors demonstrate near identical ownership interests between the parent and subsidiary, including financial dependence,

**951154/2021   DOE, JMRNNY vs. OPUS DEI ET AL**                                      **Page 2 of 4**
**Motion No.  002**

2 of 4

interference in the selection and assignment of the subsidiary's executive personnel, and the degree of control exercised by the parent over the subsidiary (*see Goel v. Ramachandran*, 111 AD3d 783 [2d Dept 2013]).

New York's long-arm statute, CPLR § 302, provides that a court may exercise personal jurisdiction over a non-domiciliary. Indeed, a court can exert specific personal jurisdiction over a defendant corporation or entity if the court finds that any of the executives of that entity have contacts with the State of New York (*see FIA Leveraged Fund Ltd. v. Grant Thornton, LLP*, 150 AD3d 492, 493 [1st Dept 2017]). The Court of Appeals has repeatedly recognized that CPLR § 302(a)(1) "is a 'single act statute' and proof of one transaction in New York is sufficient to invoke jurisdiction" *Kreutter v. McFadden Oil Corp.*, 71 NY2d 460, 467 [1988]). In addition to the 'single act,' personal jurisdiction attaches where: (1) 'the defendant's activities here were purposeful;' and (2) there is a substantial relationship between the transaction and the claim asserted."

In this matter, the court finds that it possesses both general and specific (long-arm) jurisdiction over Oakcrest. This jurisdiction is established by the occurrence of certain negligent acts within New York and by Oakcrest's status as an alter ego and integral part, or extension, of Defendant Opus Dei. Consequently, Oakcrest is deemed to be "at home" in New York, where Opus Dei is headquartered, and where the initial negligent acts led to Plaintiff's abuse by the Defendants' agent, servant, and/or employee.

The evidence currently available to Plaintiff indicates that Oakcrest is intrinsically linked to Opus Dei, functioning as its extension and arm, thus rendering Oakcrest subject to jurisdiction in New York. At this preliminary stage of the proceedings, affording Plaintiff the benefit of every favorable inference, such evidence is sufficient to establish jurisdiction. Discovery is required to enable Oakcrest to substantiate any contrary position definitively.

Furthermore, Oakcrest's official website corroborates this direct association with Opus Dei. A review of the website reveals that Oakcrest operates under the guidance of Opus Dei's teachings and spirituality. Specifically, the website proclaims: "Guided by the teachings of the Catholic Church and the spirituality of Opus Dei, we weave together a rich liberal arts curriculum, one-on-one mentoring, character development, and service to create a vibrant environment that graduates confident women who will make a difference in all they choose to do." This statement further substantiates the close ties between Oakcrest and Opus Dei, reinforcing the jurisdictional basis over Oakcrest in New York.

Contrary to Oakcrest's assertions, this case is distinguishable from *Aybar v. Aybar*, 169 AD3d 137 (2d Dept 2019). In the present matter, Oakcrest, while based in Virginia, is alleged to be an integral part of the Opus Dei religious order and its extensive network of entities, which includes schools, universities, and churches. This implies that although the abuse transpired in Virginia, the negligence, particularly the negligent hiring, supervision, and retention that facilitated the abuse, originated in New York, where Defendant Opus Dei is headquartered.

This case does not merely involve Oakcrest's registration in New York. Instead, it concerns an institution that is supervised, controlled, and maintained by Opus Dei, whose principal place of

**951154/2021 DOE, JMRNNY vs. OPUS DEI ET AL**
**Motion No. 002**

**Page 3 of 4**

3 of 4

business is in New York. It is further alleged that Opus Dei's influence and operational reach extended into other parts of the country, including Virginia.

Beyond general jurisdiction, there is also a basis for specific jurisdiction here. To be sure, it is alleged that McCloskey was transferred from New York to Oakcrest—a purposeful act that invoked the privileges and benefits of New York State. There exists an unequivocal nexus between the transfer of McCloskey, who is alleged to have committed tortious acts within New York, and Plaintiff's subsequent injuries, which occurred at Oakcrest following McCloskey's transfer. Indeed, the transaction, conduct, and arrangement between Defendants Opus Dei and Oakcrest to place McCloskey in the school, where he subsequently abused Plaintiff after these entities had notice of his previous assaults, including those against the Plaintiff's mother, constitutes a tortious act within New York State.

Plaintiff further alleges that McCloskey was an agent, servant, or employee of Defendant Opus Dei. Therefore, either Defendants Opus Dei and Oakcrest are the same entity and both employed McCloskey, thereby conferring general jurisdiction, or, if Oakcrest's affidavit is accepted, Oakcrest entered into some arrangement, contractual or otherwise, with Defendant Opus Dei to hire McCloskey and bring him to the Oakcrest campus, thus conferring specific long-arm jurisdiction. This very transaction, which occurred in New York, is what allegedly led to Plaintiff's abuse.

Moreover, it is alleged that part of McCloskey's role within Defendant Opus Dei involved receiving assignments in New York and traveling throughout the country to disseminate Opus Dei's message to its institutions. Additionally, McCloskey was purportedly a New York resident at the time of the alleged negligence and tortious conduct. While Matthew Buonocore contends that Oakcrest never employed McCloskey, the facts as stated in the complaint suggest otherwise, necessitating discovery before a conclusive determination can be made.

Affording Plaintiff the benefit of every favorable inference, it is evident that dismissal at this juncture would be inappropriate. The pleading must be liberally construed, and based on this standard, the court finds that Plaintiff has alleged facts that align with a cognizable legal theory. Therefore, there is sufficient contact for this matter to proceed against Oakcrest.

Accordingly, it is hereby

ORDERED that the motion to dismiss for lack of jurisdiction is denied in its entirety.

This constitutes the decision and order of the court.

20240610090547HKING0409775X9B6B24E519653F5FCA2860A52

_____
**6/10/2024**
**DATE**

_____
**HASA A. KINGO, J.S.C.**

| CHECK ONE: | | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
| --- | --- | --- | --- | --- | --- |
| | | ☐ GRANTED | ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**951154/2021   DOE, JMRNNY vs. OPUS DEI ET AL**
**Motion No.  002**

**Page 4 of 4**

[* 4]

4 of 4