Plymouth Capital, LLC v Montage Fin. Group, Inc. (2024 NY Slip Op 04583)

Plymouth Capital, LLC v Montage Fin. Group, Inc.

2024 NY Slip Op 04583

Decided on September 25, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 25, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2021-05093
 (Index No. 518689/18)

[*1]Plymouth Capital, LLC, et al., appellants, 
v
Montage Financial Group, Inc., respondent, et al., defendant.

Hubell & Associates LLC, New York, NY (Richard A. Hubell and Barry A. Cozier of counsel), for appellants.
Gordon Rees Scully Mansukhani, LLP, New York, NY (Mark A. Beckman, Adam J. Hiller, and Sarah K. Prager of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated May 6, 2021. The order granted the motion of the defendant Montage Financial Group, Inc., pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
The plaintiffs commenced this action against the defendants, Montage Financial Group, Inc. (hereinafter Montage), and Brett M. Smith, former vice president of the plaintiff Plymouth Capital, LLC (hereinafter Plymouth), seeking, inter alia, to recover damages for breach of contract, tortious interference with contract, tortious interference with prospective business relations, aiding and abetting breach of fiduciary duty, and unjust enrichment, and to recover in quantum meruit. The plaintiffs alleged, among other things, that in August 2015, Plymouth entered into an exclusive agency agreement with Melton Mullinix, Jr., the owner of a life insurance policy (hereinafter the policy), and Melton Mullinix, Sr., the insured under the policy (hereinafter together the Mullinix family), for Plymouth to serve as the exclusive agent of record with respect to the sale of the policy. The plaintiffs also alleged that, in September 2015, Montage presented an offer to purchase the policy for the sum of $1,500,000 to Smith, who was operating on behalf of Plymouth. In September 2015, Plymouth, by the plaintiff Christian John Woodcock, a life insurance settlement broker, executed and returned a contract request form for the sale of the policy to Montage. According to the plaintiff, Smith then formed Sterling Settlements, LLC (hereinafter Sterling), and procured an agreement signed by the Mullinix family naming Sterling, instead of Plymouth, as the exclusive agent of record for the sale of the policy. The plaintiffs further alleged that Montage wrongfully compensated Smith for the sale of the policy and that the plaintiffs were not compensated for the transaction.
Thereafter, Montage moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it. In an order dated May 6, 2021, the Supreme Court granted the motion. The plaintiffs appeal.
To prevail on a motion pursuant to CPLR 3211(a)(1), the movant's evidence "'must utterly refute the plaintiff's factual allegations, conclusively establishing a defense as a matter of law'" (Magee-Boyle v Reliastar Life Ins. Co. of N.Y., 173 AD3d 1157, 1159, quoting Gould v [*2]Decolator, 121 AD3d 845, 847; see Hart 230, Inc. v PennyMac Corp., 194 AD3d 789, 790). As relevant to this case, contracts "'and any other papers, the contents of which are essentially undeniable, would qualify as documentary evidence'" (Magee-Boyle v Reliastar Life Ins. Co. of N.Y., 173 AD3d at 1159, quoting Fontanetta v John Doe 1, 73 AD3d 78, 84-85; see Mehrof v Monroe-Woodbury Cent. Sch. Dist., 168 AD3d 713, 715). Further, when reviewing a "motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must afford the pleading a liberal construction, accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Fox Paine & Co., LLC v Houston Cas. Co., 153 AD3d 673, 676; see Himmelstein, McConnel, Gribben, Donoghue & Joseph, LLP v Matthew Bender & Co., Inc., 37 NY3d 169, 175).
Contrary to the plaintiffs' contention, the Supreme Court properly granted that branch of Montage's motion which was to dismiss the cause of action alleging tortious interference with contract insofar as asserted against it. The elements of a cause of action for tortious interference with a contract are "'(1) the existence of a valid contract between the plaintiff and a third party, (2) the defendant's knowledge of that contract, (3) the defendant's intentional procurement of a third-party's breach of that contract without justification, and (4) damages'" (Pare v Aalbue, 222 AD3d 769, 774, quoting Nagan Constr., Inc. v Monsignor McClancy Mem. High Sch., 117 AD3d 1005, 1006; see Tumayeva v Geyber, 220 AD3d 634, 636). The plaintiff must further allege facts sufficient to show that "'the contract would not have been breached but for the defendant's conduct'" (Grocery Leasing Corp. v P & C Merrick Realty Co., LLC, 197 AD3d 628, 629, quoting Barry's Auto Body of NY, LLC v Allstate Fire & Cas. Ins. Co., 190 AD3d 807, 810 [internal quotation marks omitted]; see Petric & Assoc., Inc. v Travelers Cas. & Sur. Co., 196 AD3d 520, 521). Here, the plaintiffs failed to sufficiently allege specific conduct by Montage intended to procure a breach of the exclusive agency agreement between Plymouth and the Mullinix family, or that the contract would not have been breached but for Montage's conduct (see Klein v Deutsch, 193 AD3d 707, 710; Kimso Apts., LLC v Rivera, 180 AD3d 1033, 1035-1036).
Further, the Supreme Court properly granted that branch of Montage's motion which was to dismiss the cause of action alleging tortious interference with prospective business relations insofar as asserted against it. To establish a cause of action for tortious interference with prospective business relations, the plaintiff must allege "'(1) that [the plaintiff] had a business relationship with a third party; (2) that the defendant knew of that relationship and intentionally interfered with it; (3) that the defendant acted solely out of malice or used improper or illegal means that amounted to a crime or independent tort; and (4) that the defendant's interference caused injury to the relationship with the third party'" (Joseph v Fensterman, 204 AD3d 766, 771, quoting Amaranth LLC v J.P. Morgan Chase & Co., 71 AD3d 40, 47). The plaintiff must also meet a "'more culpable conduct' standard," which is met "where the interference with prospective business relations was accomplished by wrongful means or where the offending party acted for the sole purpose of harming the other party" (Law Offs. of Ira H. Leibowitz v Landmark Ventures, Inc., 131 AD3d 583, 585, quoting NBT Bancorp v Fleet/Norstar Fin. Group, 87 NY2d 614, 621; see Influx Capital, LLC v Pershin, 186 AD3d 1622, 1624). "[C]onduct which is motivated by economic self-interest cannot be characterized as solely malicious" (Stuart's, LLC v Edelman, 196 AD3d 711, 714; see Lynch Dev. Assoc., Inc. v Johnson, 219 AD3d 1328, 1330). Here, the plaintiffs failed to sufficiently allege that Montage acted with the requisite conduct needed to sustain a cause of action alleging tortious interference with prospective business relations (see Sperling v Amoachi, 191 AD3d 913, 915; Influx Capital, LLC v Pershin, 186 AD3d at 1625).
The Supreme Court also properly granted that branch of Montage's motion which was to dismiss the cause of action asserted against it alleging aiding and abetting breach of fiduciary duty. To assert a cause of action for aiding and abetting breach of fiduciary duty, the plaintiff must allege, with particularity (see CPLR 3016[b]), "knowledge of the alleged tortious conduct by the aider and abettor, and substantial assistance by the aider and abettor in the achievement of the tortious conduct" (Land v Forgione, 177 AD3d 862, 864; see Smallberg v Raich Ende Malter & Co., LLP, 140 AD3d 942, 944). "'Substantial assistance requires an affirmative act on the defendant's part; mere inaction can constitute substantial assistance only if the defendant owes a fiduciary duty directly to the plaintiff'" (Land v Forgione, 177 AD3d at 864, quoting Baron v Galasso, 83 AD3d 626, 629). Here, the plaintiffs failed to sufficiently allege that Montage provided "substantial assistance" to Smith with respect to Smith's alleged breach of his fiduciary duty to Plymouth (see RD Legal Funding Partners, LP v Worby Groner Edelman & Napoli Bern, LLC, 195 AD3d 968, [*3]970; Sanford/Kissena Owners Corp. v Daral Props., LLC, 84 AD3d 1210, 1212-1213).
Contrary to the plaintiffs' contention, the Supreme Court also properly granted those branches of Montage's motion which were to dismiss the causes of action asserted against it alleging breach of contract, quantum meruit, and unjust enrichment, as the plaintiffs failed to allege the existence of a written agreement between Plymouth and Montage pursuant to General Obligations Law § 5-701(a)(10) (see Snyder v Bronfman, 13 NY3d 504, 510; Ausch v Sutton, 151 AD3d 802, 803).
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
Accordingly, the Supreme Court properly granted Montage's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it.
DUFFY, J.P., WOOTEN, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court